Scott H. Bernstein
**SKOLNICK LEGAL GROUP, P.C.**
*Counsel to Plaintiff Rodney Omanoff*
103 Eisenhower Parkway, Suite 305
Roseland, New Jersey 07068
Telephone:  (973) 403-0100
Facsimile:   (973) 488-7140
scott@skolnicklegalgroup.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

---------------------------------------------------------x
In re:                                                            Chapter 7

BRADLEY C. REIFLER,                                 Case No. 17-35075 (CGM)

                      Debtor.
---------------------------------------------------------x
RODNEY OMANOFF,

                    Plaintiff,                          Adversary Proceeding

      vs.                                                          No. 22-[_____] (CGM)

BRADLEY C. REIFLER, FOREFRONT
PARTNERS, LLC, TALKING CAPITAL
WINDUP LLC, TALKING CAPITAL
PARTNERS II, LLC, and TALKING CAPITAL
PARTNERS III, LLC,

                    Defendants.
---------------------------------------------------------x

**VERIFIED COMPLAINT FOR DECLARATORY RELIEF UNDER
SECTION 362(a) OF THE BANKRUPTCY CODE, INJUNCTIVE RELIEF UNDER
SECTIONS 105(a) AND 362(a) OF THE BANKRUPTCY CODE, AND TURN OVER
OF WITHHELD FUNDS UNDER SECTION 542(a) OF THE BANKRUPTCY CODE**

Plaintiff Rodney Omanoff ("Plaintiff"), by and through his undersigned attorney, as and

for his Verified Complaint for Declaratory and Injunctive Relief against defendants Bradley C.

Reifler, Forefront Partners, LLC, Talking Capital Windup LLC, Talking Capital Partners II, LLC,

and Talking Capital Partners III, LLC (collectively, "Defendants," and each, a "Defendant"),

pursuant to sections 105(a), 362(a) and 542(a) of the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), states and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff seeks entry of a judgment (1) declaring that the automatic stay enjoins that certain lawsuit filed by Defendants Talking Capital Windup LLC, Talking Capital Partners II, LLC, and Talking Capital Partners III, LLC, which is currently pending in the New York State Supreme Court, New York County under Index No. 650973/2017 (the "New York Action"), and in which Defendant Forefront Partners, LLC is a counterclaimant defendant; (2) staying, enjoining and restraining Defendants from continuing their prosecution of their claims and causes of action in the New York Action; and (3) requiring Defendant/debtor Bradley C. Reifler (the "Debtor") who has already recovered substantial sums, estimated to be in excess of $1,000,000, in the New York Action to turn over such sums to the duly appointed chapter 7 trustee serving in the Debtor's bankruptcy case.

2. The Debtor is the sole member of Forefront Partners, LLC (an undisclosed asset of his bankruptcy estate) and Forefront Partners, LLC is the sole member of Talking Capital Windup LLC, which is in turn the sole member of Talking Capital Partners II, LLC and Talking Capital Partners III, LLC. Forefront Partners, LLC, Talking Capital Windup LLC, Talking Capital Partners II, LLC and Talking Capital Partners III, LLC are single-member, limited liability companies which are under the control of the Debtor and are being used by the Debtor as plaintiffs and claimants in the New York Action, a case filed just thirty-five (35) days after the Debtor declared bankruptcy.

3. The Debtor is using false testimony to play fast and loose in his bankruptcy proceeding, the New York Action, and in his criminal case. He is essentially defrauding the United

2

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  In the New York Action, on February 24, 2017, the Debtor signed the *Verification* of the original *Verified Complaint* as the "non-member manager of Forefront Partners LLC" and specifically identified Lisette Ackerberg (his mother), Kelcop LLC (an entity controlled by family members of the Debtor), and Christopher Engel (an executive at Forefront Capital Markets LLC) as the members of Forefront Partners, LLC.  Thereafter, on June 16, 2017, in his *Verification* of the *Verified Amended Complaint* he omits any specifics as to the ownership of Forefront Partners, LLC and continues to assert that he is the "non-member manager of Forefront Partners LLC."

4. Likewise, on March 7, 2018, during a deposition in connection with a deposition that occurred in *North Carolina Mutual Life Insurance Company vs. Bradley C. Reifler*, Adv. Pro. No. 17-09016 (CGM), the Debtor testified "no" in response to the question of whether he has "an actual or beneficial interest Forefront Partners LLC."  Contemporaneously therewith, on April 2, 2018, the Debtor's criminal counsel at K&L Gates LLP represented in an email to the Department of Justice that Forefront Partners, LLC is a wholly owned subsidiary of yet a different entity altogether, Forefront Capital Holdings LLC.

5. In stark contrast to the fabrications contained in the first two *Verifications* filed in the New York Action, the Debtor's deposition testimony in the adversary proceeding filed by North Carolina Mutual Life Insurance Company, and the representations of his criminal counsel to the Department of Justice, in his *Verification* of the *Second Amended Complaint* filed on February 13, 2019, the Debtor admitted that he is the "member and manager of Forefront Partners LLC."  More than two years after that, on December 8, 2021, the Debtor filed an *Affidavit* in the New York Action in which he finally unequivocally admits that he the "manager of, and the sole member of, Forefront Partners, LLC."  Tellingly, during the past five years, the Debtor never

amended his bankruptcy filings to disclose that he is the "manager of, and the sole member of, Forefront Partners, LLC" and his admissions of ownership in the New York Action coincide with settlements with co-defendants which are believed to have resulted in settlement payments in an aggregate amount in excess of $1,000,000.

6.      Just like his false testimony in the New York Action and in his bankruptcy case as to his ownership of the membership interests of Forefront Partners, LLC, the Debtor provided false testimony as to the documents and records in his possession, custody or control.  In response to the Bankruptcy Court's contempt Order entered in Adv. Proc. No. 19-9003 (CGM) on January 13, 2022, the Debtor submitted an *Affidavit* [Docket No. 126] in which he incredibly claimed that he had no electronic documents, files, information, or communications to search for responsive and relevant documents to the chapter 7 Trustee's outstanding written discovery requests.  However, just months earlier, on August 16, 2021, Forefront Partners, LLC's counsel in the New York Action specifically told the New York State Supreme Court that all of Forefront's business files had been preserved because they were entirely backed up on a system known as "Smarsh" and the business files were separately backed up on a server, which was forensically retained by a company known as "Haystack."

7.      In the pending federal criminal case against the Debtor, he stands accused of, *inter alia*, misusing various single-member limited liability companies to run a fraudulent shell game which the government describes as a multi-million-dollar criminal "Ponzi" scheme.  As set forth above, he is attempting to conduct the same fraudulent shell game of misuse of sham companies with this Court, the New York State Supreme Court and the court where his criminal case will be tried, the United States District Court for the Middle District of North Carolina.  The Debtor has,

under oath, told more than three different stories to these three tribunals regarding ownership of his company Forefront Partners, LLC.

8. The Debtor's unlawful possession, exercise of control and/or retention of the membership interests in Defendant Forefront Partners, LLC and control of the other Defendants in the New York Action, is in direct violation of section 362(a) of the Bankruptcy Code. The Debtor's possession of the substantial sums already recovered in the New York Action is in direct violation of section 542(a) of the Bankruptcy Code. Accordingly, Plaintiff respectfully seeks the relief requested herein and will, concurrent with the filing of this Verified Complaint, bring a motion seeking entry of a temporary restraining order providing for the immediate enjoining and staying of the New York Action and the dissipation of the substantial sums already recovered by the Debtor in such action.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

9. On January 20, 2017, the Debtor filed a Voluntary Petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, Poughkeepsie Division (the "Court").

10. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and pursuant to the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.)

11. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff consents to the entry of a final order or judgment of the Court in connection with this Verified Complaint to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection with this adversary proceeding consistent with Article III of the United States Constitution.

12. Venue is proper in the Court pursuant to 28 US.C. §§ 1408 and 1409.

13. The predicates for the relief sought herein are Rule 7001 of the Federal Rules of Bankruptcy Procedure, sections 105(a), 362(a) and 542(a) of the Bankruptcy Code and sections 2201-02 of Title 28 of the Unites States Code.

14. There exists a substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the relief requested in this Verified Complaint.

## THE PARTIES

15. The Debtor is the sole member of Defendant Forefront Partners, LLC. *See* Exhibit 1 hereto, a true and correct copy of Verified Complaint and Jury Demand [Docket No. 1], ¶ 5, filed in *Forefront Partners, LLC et al. v. John Titolo et al.*, Index No. 656643/2019, which was pending, as recently as November 2021, in New York State Supreme Court, New York County; *see also* Exhibit 2 hereto, a true and correct copy of the *Affidavit of Bradley Reifler in Support of Plaintiffs' and Forefront's Motion for Summary Judgment* (the "Reifler Aff."), [Docket No. 779], ¶ 1, filed in the New York Action on December 9, 2021; *see also* Exhibit 3 hereto, a true and correct copy of the *Third Amended Complaint* [Docket No. 732] filed in the New York Action on October 25, 2021.

16. The Debtor is the lead defendant in *Securities and Exchange Commission v. Bradley C. Reifler, et. al*., Civil Action No. 2:20-cv-00511 (D. Nev., filed on March 12, 2020) (the "SEC Action"). *See* Exhibit 4 hereto, a true and correct copy of the *Complaint* filed by the Securities and Exchange Commission (the "SEC") in the SEC Action.

17. According to the SEC's *Complaint* filed in the SEC Action, in November 2014, the Debtor fraudulently raised $6,000,000 from an investor by representing that the money would be used to invest in a telecom receivables business. Instead, the SEC's *Complaint* alleges, the Debtor

6

diverted the $6,000,000 to support real-estate development projects in which he had an interest and to acquire a $34,000,000 portfolio of reinsurance trust assets in North Carolina. Beginning in April 2015, the Debtor, as the investment adviser to the trust, allegedly defrauded the trust by investing its funds in various struggling entities in which he had an interest. The SEC's *Complaint* alleges that in June 2015, to cover up his improper allocation of the trust assets, the Debtor created fictitious documents and forged counter-party signatures to make it appear as if the assets had been allocated into permissible investments.

18.     The Debtor is under criminal indictment for four counts of wire fraud and one count of perjury in *USA v. Reifler*, Criminal Docket No.1:20-cr-00512-CCE-1 (M.D.N.C., filed on December 1, 2020) (the "Indictment"). *See* Exhibit 5 hereto, a true and correct copy the Indictment.

19.     The Indictment alleges that the Debtor engaged in a scheme to enrich himself and his business entities by defrauding a life insurance company out of assets held in trust for the potential payment of life insurance claims. As alleged in the Indictment, the Debtor served as an investment advisor for over $34,000,000 in assets belonging to the life insurance company. Rather than investing the $34,000,000 in permissible investments, the Debtor invested funds in high-risk, "junk", or self-dealing investments and otherwise diverted funds for his personal and business use. The Indictment further alleges that after a 2016 audit of the trust assets raised concerns about investments made by the Debtor, the Debtor concealed the fraud by falsifying and causing others to falsify supporting documentation, including valuations, promissory notes, and agreements, purporting to underly investments made with the trust assets. Included among the fake documentation created by the Debtor and Forefront Partners, LLC are fake telecom loan documents, which are at issue in the New York Action.

7

20. The Indictment also alleges that the Debtor submitted a false declaration in connection with a civil suit brought by the life insurance company, falsely swearing, under penalty of perjury, that all investments had been approved and that all of the funds had been invested in debt instruments. As a result of the Debtor's scheme, the life insurance company was only able to recoup a portion of the approximately $34,000,000 that it entrusted to the Debtor, was unable to pay out on claims by its beneficiaries, and was placed in rehabilitation.

21. The Debtor did not disclose his membership interests in Forefront Partners, LLC in either his *Schedules of Assets* or *Statement of Financial Affairs* filed in his bankruptcy case.

22. The Debtor's membership interests in Forefront Partners, LLC constitute property of the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

23. The Debtor's membership interests in Forefront Partners, LLC have not been abandoned by the Debtor's bankruptcy estate within the meaning of section 554(a) of the Bankruptcy Code.

24. Forefront Partners, LLC is the sole member of Talking Capital Windup, LLC, formerly known as Talking Capital LLC.

25. Talking Capital Windup, LLC is the sole member of Talking Capital Partners II, LLC.

26. Talking Capital Windup, LLC is the sole member of Talking Capital Partners III, LLC.

## **THE NEW YORK ACTION**

27. The New York Action was filed on February 24, 2017 (*i.e.*, just 35 days after the Debtor filed his Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the Court.)

28. On February 24, 2017, the Debtor affirmatively mispresented under oath to the New York State Supreme Court, New York County, that Lisette Ackerberg (his mother), Kelcop LLC (an entity controlled by family members of the Debtor), and Christopher Engel (an executive at Forefront Capital Markets LLC) were members of Forefront Partner, LLC. *See* Exhibit 6 hereto, a true and correct copy of the *Verified Complaint* [Docket No. 2], ¶ 2, which was filed in the New York Action on February 24, 2017.

29. Defendants Talking Capital Windup LLC, Talking Capital Partners II, LLC, and Talking Capital Partners III, LLC are Plaintiffs in the New York Action and Forefront Partners, LLC is a defendant counterclaimant in the New York Action.

30. Defendants are seeking entry of a judgment in an amount more than $50,000,000 in favor of Defendants and against Plaintiff and others in the New York Action.

31. The Debtor has already recovered substantial sums, estimated to be in excess of $1,000,000, in the New York Action (the "Withheld Funds"). *See* Exhibit 7 hereto, a true and correct copy of the *Affirmation of David K. Bowles in Support of Order to Show Cause* [Docket No. 694], ¶ 4, which was filed in the New York Action on September 23, 2021.

### COUNT I
### DECLARING THAT SECTION 362(a) OF THE BANKRUPTCY CODE ENJOINS THE PROSECUTION OF THE NEW YORK ACTION
**(Against All Defendants)**

32. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

33. Section 362(a) of the Bankruptcy Code operates as a stay, "applicable to all entities" of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to **exercise control over property of the estate**." 11 U.S.C. § 362(a)(3) (emphasis added).

9

34. The Debtor's membership interests in Forefront Partners, LLC constitute property of the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

35. Through the prosecution of their claims and causes of action in the New York Action, Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code.

36. Because Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code in the New York Action, the New York Action is barred by the automatic stay under section 362(a) of the Bankruptcy Code, the New York Action should be stayed and enjoined under section 362(a) of the Bankruptcy Code, and all actions taken in the New York Action since the commencement of the New York Action should be declared void *ab initio* by the Court.

37. There exists a substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201 et al. A prompt judicial determination of the respective rights and duties of the parties in these respects is necessary and appropriate.

**COUNT II**
**INJUNCTIVE RELIEF UNDER SECTIONS 105(a)**
**AND 362(a) OF THE BANKRUPTCY CODE**
**(Against All Defendants)**

38. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

39. Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

40. The relief requested herein is necessary to protect the administration of the Debtor's bankruptcy estate and to preserve the property of his bankruptcy estate.

41. In the absence of entry of the requested injunctive relief, the Debtor's estate and its creditors may be irreparably harmed by the Defendants' exercise of control over property of the Debtor's estate in the New York Action.

42. The balance of harm is in favor of the Debtor's estate and its creditors. Absent the relief requested, the Debtor's estate and its creditors may be greatly harmed by the Defendants' exercise of control of property of the Debtor's bankruptcy estate. In contrast, if the relief requested herein is granted, the Defendants will not suffer any harm.

43. The public interest weighs in favor of the issuance of an injunction. The injunctive relief requested herein will serve the public interest by promoting compliance with the congressional purpose of the automatic stay and furthering the administration of the Debtor's assets under the supervision of the Court.

44. For the reasons stated herein, Plaintiff is entitled to a permanent injunction staying, restraining, and enjoining Defendants from exercising control over the Debtor's assets in the New York Action and enjoining the continuation of the New York Action.

## COUNT III
## INJUNCTIVE RELIEF UNDER SECTION 542(a) OF THE BANKRUPTCY CODE
**(Against the Debtor)**

45. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Verified Complaint as if fully set forth herein.

46. Section 541(a) of the Bankruptcy Code defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," ". . . wherever located and by whomever held." 11 U.S.C. § 541(a).

47. Section 542(a) of the Bankruptcy Code provides that "an entity, other than a custodian in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title . . . shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

48. For the reasons stated herein, pursuant to section 542(a) of the Bankruptcy Code, Defendants should be required to immediately turn over the Withheld Funds to the duly appointed chapter 7 trustee for the Debtor's bankruptcy estate.

## PRAYER FOR RELIEF

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully prays for judgment as follows:

(a) On Count I of this Verified Complaint, for a declaration that (i) Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code in the New York Action, (ii) the New York Action is barred by the automatic stay provision under section 362(a) of the Bankruptcy Code, (iii) the New York Action is stayed and enjoined under section 362(a) of the Bankruptcy Code, (iv) all actions taken in the New York Action since the commencement of the New York Action are void *ab initio*, and (v) granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper;

(b) On Count II of this Verified Complaint, for a permanent injunction, pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, staying, restraining, and enjoining Defendants from exercising control over the Debtor's membership interests in Foresight Partners, LLC, barring the continuation of the New York Action, and granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper; and

(c) On Count III of this Verified Complaint, for a permanent injunction, pursuant to section 542(a) of the Bankruptcy Code requiring the Debtor to promptly turn over the Withheld Funds to the duly appointed chapter 7 trustee for the Debtor's bankruptcy estate, and granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated:  February 25, 2022
       Roseland, New Jersey                        SKOLNICK LEGAL GROUP, P.C.

                                                */s/ Scott H. Bernstein*
                                                Scott H. Bernstein
                                                *Counsel to Plaintiff Rodney Omanoff*
                                                103 Eisenhower Parkway, Suite 305
                                                Roseland, New Jersey 07068
                                                Telephone:  (973) 403-0100
                                                Facsimile:   (973) 488-7140
                                                scott@skolnicklegalgroup.com

## VERIFICATION OF RODNEY OMANOFF

I, Rodney Omanoff, am the plaintiff in the above-captioned action. I have the foregoing *Verified Complaint for Declaratory Relief Under Section 362(a) of the Bankruptcy Code, Injunctive Relief Under Sections 105(a) and 362(a) of the Bankruptcy Code, and Turn Over of Withheld Funds Under Section 542(a) of the Bankruptcy Code*. I am informed and believe the matters stated therein are true.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on February 23, 2022.

_____
Rodney Omanoff