Scott H. Bernstein                    Hearing Date and Time:  4.19.22 at 9:00 a.m.
**SKOLNICK LEGAL GROUP, P.C.**
*Co-Counsel to Plaintiff Rodney Omanoff*
103 Eisenhower Parkway, Suite 305
Roseland, New Jersey 07068
Telephone:  (973) 403-0100

-and-

Michael P. Pasquale (Admitted *Pro Hac Vice*)
**LAW OFFICES OF MICHAEL P. PASQUALE, LLC**
*Co-Counsel to Plaintiff Rodney Omanoff*
163 Madison Avenue, Suite 220-80
Morristown, New Jersey 07960
Telephone:  (973) 975-4167

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION
--------------------------------------------------------x

In re:                                              Chapter 7

BRADLEY C. REIFLER,                                 Case No. 17-35075 (CGM)

                         Debtor.
--------------------------------------------------------x
RODNEY OMANOFF,

                         Plaintiff,                 Adversary Proceeding

         vs.                                        No. 22-09002 (CGM)

BRADLEY C. REIFLER, FOREFRONT
PARTNERS, LLC, TALKING CAPITAL
WINDUP LLC, TALKING CAPITAL
PARTNERS II, LLC, TALKING CAPITAL
PARTNERS III, LLC, BOWLES & JOHNSON
PLLC, DAVID K. BOWLES, ESQ.,
MARGARETT A. JOHNSON, ESQ.,
WILLIAM T. MCKETTRICK,
JOHN OR JANE DOES (1-10), and ABC
ENTITIES (1-10),

                         Defendants.
--------------------------------------------------------x

**VERIFIED AMENDED COMPLAINT FOR DECLARATORY
RELIEF UNDER SECTION 362(a) OF THE BANKRUPTCY CODE,
INJUNCTIVE RELIEF UNDER SECTIONS 105(a) AND 362(a)**

**OF THE BANKRUPTCY CODE, AND AN AWARD OF ATTORNEYS' FEES,
COSTS, COMPENSATORY DAMAGES AND PUNITIVE DAMAGES
<u>PURSUANT TO SECTIONS 105(a) AND 362(k) OF THE BANKRUPTCY CODE</u>**

Plaintiff Rodney Omanoff ("<u>Plaintiff</u>"), by and through his undersigned attorney, as and for his Verified Amended Complaint for Declaratory and Injunctive Relief against defendants Bradley C. Reifler, Forefront Partners, LLC, Talking Capital Windup LLC, Talking Capital Partners II, LLC, Talking Capital Partners III, LLC, Bowles & Johnson PLLC, David K. Bowles, Esq., Margarett A. Johnson, Esq., William T. McKettrick, John or Jane Does (1-10), and ABC Entities (1-10) (collectively, "<u>Defendants</u>," and each, a "<u>Defendant</u>"), pursuant to sections 105(a) and 362 of the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>"), states and alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff, a victim of the prepetition fraud committed by debtor Bradley C. Reifler (the "<u>Debtor</u>") and a creditor of the Debtor's bankruptcy estate, seeks entry of a judgment (1) declaring that the automatic stay under section 362(a) of the Bankruptcy Code enjoins that certain postpetition lawsuit filed by Defendants Talking Capital Windup LLC, Talking Capital Partners II, LLC, and Talking Capital Partners III, LLC (collectively, the "<u>TC Defendants</u>"), which is currently pending in the New York State Supreme Court, New York County under Index No. 650973/2017 (the "<u>New York Action</u>"), and in which Defendant Forefront Partners, LLC ("<u>Forefront</u>," and together with the TC Defendants, the "<u>LLC Defendants</u>") is a counterclaimant defendant; (2) declaring that all decisions and orders entered in the New York Action are *void ab initio* because the New York Action was only filed and subsequently prosecuted because of a fraud on the United States Bankruptcy Court for the Southern District of New York, Poughkeepsie Division (the "<u>Bankruptcy Court</u>"), when failing to disclose the Debtor's assets and the Defendants' illegitimate exercise of control over the membership interests in and management of

1

Defendant Forefront and Forefront's rights to appoint managers for the TC Defendants in violation of the automatic stay in the Debtor's bankruptcy case; (3) permanently staying, enjoining and restraining the Defendants from continuing the prosecution of the claims and causes of action in the New York Action pursuant to sections 105(a) and 362(a) of the Bankruptcy Code; and (4) awarding attorneys' fees, costs, compensatory damages and punitive damages, pursuant to sections 105(a) and 362(k) of the Bankruptcy Code in favor of Plaintiff and against the Defendants, jointly and severally, as sanctions for their willful violations of the automatic stay in the Debtor's bankruptcy case.

2.      The Debtor is the sole member of Forefront (an undisclosed asset of his bankruptcy estate) and Forefront is the sole member of Talking Capital Windup LLC, which is in turn the sole member of Talking Capital Partners II, LLC and Talking Capital Partners III, LLC.  The LLC Defendants are single-member, limited liability companies which are under the control of the Debtor and are being used by the Defendants as plaintiffs and claimants in the New York Action, a case filed just thirty-five (35) days after the Debtor declared bankruptcy.

3.      The Debtor is using false testimony to play fast and loose in his bankruptcy proceeding, the New York Action, and in his criminal case.  He is essentially defrauding the Bankruptcy Court.  In the New York Action, on February 24, 2017, the Debtor signed the *Verification* of the original *Verified Complaint* as the "non-member manager of Forefront Partners LLC" and specifically identified Lisette Ackerberg (his mother), Kelcop LLC (an entity controlled by family members of the Debtor), and Christopher Engel (an executive at Forefront Capital Markets LLC) as the members of Forefront.  Thereafter, on June 16, 2017, in his *Verification* of the *Verified Amended Complaint* he omits any specifics as to the ownership of Forefront and continues to assert that he is the "non-member manager of Forefront Partners LLC."

4.      Likewise, on March 7, 2018, during a deposition which occurred in *North Carolina Mutual Life Insurance Company vs. Bradley C. Reifler*, Adv. Pro. No. 17-09016 (CGM), the Debtor testified "no" in response to the question of whether he has "an actual or beneficial interest in Forefront Partners LLC."  Contemporaneously therewith, on April 2, 2018, the Debtor's criminal counsel at K&L Gates LLP represented in an email to the Department of Justice that Forefront  is a wholly owned subsidiary of yet a different entity altogether, Forefront Capital Holdings LLC.

5.      In stark contrast to the fabrications contained in the first two *Verifications* filed in the New York Action, the Debtor's deposition testimony in the adversary proceeding filed by North Carolina Mutual Life Insurance Company, and the representations of his criminal counsel to the Department of Justice*, in his *Verification* of the *Second Amended Complaint* filed on February 13, 2019, the Debtor admitted that he is the "member and manager of Forefront Partners LLC."  More than two years after that, on December 8, 2021, the Debtor filed an *Affidavit* in the New York Action in which he finally unequivocally admits that he the "manager of, and the sole member of, Forefront Partners, LLC."  Tellingly, during the past five years, the Debtor never amended his bankruptcy filings to disclose that he is the "manager of, and the sole member of, Forefront Partners, LLC" and his admissions of ownership in the New York Action coincided with settlements with co-defendants which are believed to have resulted in settlement payments in an aggregate amount in excess of $1,000,000.

6.      Just like his false testimony in the New York Action and in his bankruptcy case as to his ownership of the membership interests in Forefront, the Debtor provided false testimony as to the documents and records in his possession, custody or control.  In response to the Bankruptcy Court's contempt Order entered in Adv. Proc. No. 19-9003 (CGM) on January 13, 2022, the Debtor

3

submitted an *Affidavit* [Docket No. 126] in which he incredibly claimed that he had no electronic documents, files, information, or communications to search for responsive and relevant documents to the chapter 7 Trustee's outstanding written discovery requests. However, just months earlier, on August 16, 2021, Forefront's counsel in the New York Action specifically told the New York State Supreme Court that all of Forefront's business files had been preserved because they were entirely backed up on a system known as "Smarsh" and the business files were separately backed up on a server, which was forensically retained by a company known as "Haystack."

7.      In the pending federal criminal case against the Debtor, he stands accused of, *inter alia*, misusing various single-member limited liability companies to run a fraudulent shell game which the government describes as a multi-million-dollar criminal "Ponzi" scheme. As set forth above, he is attempting to conduct the same fraudulent shell game of misuse of sham companies with this Court, the New York State Supreme Court and the court where his criminal case will be tried, the United States District Court for the Middle District of North Carolina. The Debtor has, under oath, told more than three different stories to these three tribunals regarding ownership of his company Forefront.

8.      The Defendants' unlawful possession, exercise of control and/or retention of the membership interests in and management of Defendant Forefront and control of Defendant Forefront's right to appoint the managers of the TC Defendants is in direct violation of section 362(a)(3) of the Bankruptcy Code. In that regard, the Defendants' violations of the automatic stay when exercising control over the membership interests in and management of Forefront and Forefront's right to appoint managers for the TC Defendants have (1) forced Plaintiff to incur attorneys' fees and costs in excess of $1,080,000.00 when defending the New York Action, which was only filed and subsequently prosecuted because of the Debtor's fraud on the Court when

failing to disclose his assets and the Defendants' cavalier disregard of sections 362(a)(3) and 541(a) of the Bankruptcy Code and the integrity of the bankruptcy process; (2) forced Plaintiff to incur attorneys' fees and costs in an amount already in excess of $50,000.00 when prosecuting this adversary proceeding in which Plaintiff seeks entry of a judgment providing, among other things, an injunction enjoining the Defendants' violations of the automatic stay when exercising control over property of the Debtor's estate in the New York Action; (3) prevented Plaintiff from securing meaningful employment, as a result of the stigma resulting from the allegations in the New York Action; and (4) created a domino effect in that the publicized untrue facts, misrepresentations, and critical omissions of the LLC Defendants in their pleadings filed in the New York Action have been repeated by others in related litigations involving the very same telecom factoring business and which were filed by the Marcia Kosstrin Trust, the bankruptcy trustee of VoIP Guardian Partners I, LLC, and Lloyds of London and XL Specialty Insurance Company, providers of D&O and E&O insurance policies.  Consequently, Plaintiff, a creditor with a particularized injury resulting from the Defendants' violations of the automatic stay in the Debtor's bankruptcy case, had no choice but commence this adversary proceeding and seek the Bankruptcy Court's intervention.

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

9.      On January 20, 2017, the Debtor filed a Voluntary Petition for relief under chapter 7 of the Bankruptcy Code in the Bankruptcy Court.

10.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, and pursuant to the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.)

11.     This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, Plaintiff consents to the entry of a final order or judgment of the Court in connection with this Verified Amended Complaint to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection with this adversary proceeding consistent with Article III of the United States Constitution.

12.     Venue is proper in the Court pursuant to 28 US.C. §§ 1408 and 1409.

13.     The predicates for the relief sought herein are Rule 7001 of the Federal Rules of Bankruptcy Procedure, sections 105(a), 362(a)(3) and 362(k) of the Bankruptcy Code and sections 2201-02 of Title 28 of the Unites States Code.

14.     There exists a substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the relief requested in this Verified Amended Complaint.

## THE PARTIES

### A.     Plaintiff.

15.     In 2014, Plaintiff started the telecom financing business Talking Capital, LLC with three business partners.  At that time, Plaintiff was unaware that those three business partners were or soon would be under investigation for fraud and criminal offenses by various governmental authorities in the United States of America and Europe.  The Debtor was one of Plaintiff's three business partners and a fellow manager of Talking Capital, LLC.  Forefront was a member of Talking Capital, LLC.  The Debtor was invited to join Talking Capital, LLC because of Plaintiff's reliance on the Debtor's misrepresentations and critical omissions regarding his FINRA licensure, raising capital and lender placement, providing strict due diligence, financial industry knowhow

and past business successes.  Plaintiff's other partners, Mark Proto and Joseph Rahman, were the ones with the specific, niche telecom financing experience, who provided the very business model and forms needed to conduct the telecom business, and who were to provide the international telecom clients in need of accounts receivable financing.  Plaintiff's role was managerial and administrative in nature.

16.    Immediately after the business commenced, the Debtor in an apparent desperate attempt to pay off his debts to the IRS and other creditors which are the subject of these proceedings, began using the new telecom company as the fuel and funding for his Forefront Ponzi scheme.  Unbeknownst to Mr. Omanoff, the Debtor would, among other frauds and schemes, pitch Talking Capital's telecom business and then have investor funds transferred instead to one of his many sham Forefront entities.  The Debtor used Forefront, Forefront Partners Short Term Notes, LLC, and Talking Capital and its related and affiliated sole purpose investment companies as instruments in massive frauds and attempted cover-ups of those frauds; he drafted fake company Promissory Notes replete with forgeries of Plaintiff's signature; and he secretly encumbered the company with approximately $10 million in debt.  When the Debtor's fellow managers, including Plaintiff, the members and primary lender (DLI) got wind of the Debtor's many frauds, crimes and material breaches of contract, they *all* parted ways with the Debtor and resumed business without him.

17.    Unbelievably, the Debtor who stands accused by the Department of Justice and Securities and Exchange Commission of committing a vast criminal Ponzi scheme with the very entities presently at issue – Forefront and its wholly owned TC companies – signed and filed a Verified Complaint against his former partners (Plaintiff, Mark Proto and Joseph Rahman) and the lender DLI.  The unauthorized lawsuit filed in the New York State Supreme Court by the Debtor

7

complains of them leaving the company and starting another business without him, of course after they found out he was conducting a vast criminal enterprise with their company.  The Debtor's baseless and perjury laced Verified Complaint filed in the New York Action on behalf of Forefront and the TC companies audaciously sounds in "unfair" competition and equity-based theories of law.  And the Complaint filed in the New York Action was unlawfully filed immediately *after* the Debtor filed his bankruptcy petition in the Court in 2017.

18.    In or about 2019, co-defendants Mark Proto and Joseph Rahman settled in the New York Action on unknown terms.  Mark Proto and Joseph Rahman settled in the New York Action after Plaintiff approached them with information concerning their criminal activities.  Shortly thereafter, Plaintiff learned that Mark Proto and Joseph Rahman were themselves under criminal investigation for their own Ponzi scheme, as are their purported international telecom clients, which defaulted on tens of millions of dollars in loans, which are now thought to be just as fictional as the Debtor's Forefront sham entities.

19.    Unbeknownst to Plaintiff, he was in the middle of two Ponzi schemes.

20.    The Debtor's Ponzi scheme stole money from lenders and would be investors by using sham companies to misdirect cash intended for investment in telecom accounts receivable factoring from Talking Capital and into the Debtor's fleet of "Forefront" sham companies.

21.    Plaintiff's other partners at Talking Capital and Voip Guardian Partners I, LLC were Mark Proto and Joseph Rahman.  Mark Proto and Joseph Rahman were the experienced telecom professionals who were responsible for introducing all the deal flow and the technological knowhow to monitor the deal flow.

22.    In January 2019 many of their clients experienced catastrophic defaults resulting in the bankruptcy of Voip Guardian Partners I, LLC, just like their clients did years before to a

company called Huntington Telecom LLC which filed for bankruptcy relief in the United States
Bankruptcy Court for the Eastern District of New York under very similar circumstances.  In both
instances, Mark Proto and Joseph Rahman introduced telecom companies to Huntington Telecom
LLC and Voip Guardian Partners I, LLC, which telecom companies engaged in undisclosed
business transactions with them and in furtherance of a hidden scheme to commit telecom fraud
with Mark Proto and Joseph Rahman while conducting some legitimate transactions.

23.     Incredibly, the Debtor and his Forefront registered FINRA broker-dealer company,
Forefront Capital Markets LLC, failed to perform rudimentary due diligence on Mark Proto and
Joseph Rahman which would have discovered the Huntington Telecom LLC bankruptcy.  The
Debtor never disclosed to Plaintiff that he failed to perform rudimentary due diligence on Mark
Proto and Joseph Rahman before going into business with them.  In fact, the Debtor did the
opposite, praising Proto and Rahman for the business opportunity they provided, exclaiming this
was among the best business opportunities he had ever encountered in his entire career and touted
himself a financial expert in assessing all types of business opportunities.

24.     Even though the Debtor's bankruptcy trustee has not abandoned the Debtor's
membership interests in Forefront and her rights, as trustee to appoint managers for Forefront and
the TC Defendants, the Debtor, in concert with, and the active assistance and facilitation of, David
K. Bowles, Esq., Margaretta A. Johnson, Esq., and Bowles & Johnson PLLC, is exercising control
over property of the Debtor's bankruptcy estate when using the Debtor's membership interests in
Forefront to appoint managers for the LLC Defendants and direct the prosecution of the New York
Action.

25.     In the New York Action, the LLC Defendants and the Debtor have already
recovered substantial sums, estimated to be in excess of $1,000,000, without any of those monies

being brought into the Debtor's bankruptcy estate.  These substantial sums are a settlement payment in the New York Action from Mr. Proto and Mr. Rahman who are under investigation for telecom fraud from their activities at Talking Capital, VoIP Guardian Partners I, LLC and even a company they were involved with years ago called Huntington Telecom LLC (Case No. 8-13-73326-las (Bankr. E.D.N.Y.)), way before Plaintiff met any of these people.

26.    In connection with the settlement of an adversary proceeding arising out of the Huntington Telecom bankruptcy proceeding (Adv. Proc. No. 8-15-08213-las) (Bankr. E.D.N.Y.), companies affiliated with Mr. Proto and Mr. Rahman made a settlement payment in the amount of $2,050,000 on behalf of themselves and Mr. Proto and Mr. Rahman to the bankruptcy trustee appointed in the Huntington Telecom bankruptcy.

27.    Furthermore, in the VoIP Guardian Partners I, LLC bankruptcy pending under Case No. 2:19-bk-12607 in the United States Bankruptcy Court for the Central District of California, Timothy Yoo, as chapter 7 trustee of VoIP Guardian Partners I, LLC and his counsel recognize the fundamental different between Plaintiff and the criminals and bad actors who surrounded Plaintiff.

28.    Indeed, at a hearing on September 21, 2021 before the Honorable Barry Russell, U.S.B.J., counsel to Mr. Yoo explained as follows:

> Well, first of all, Your Honor, there is no conspiracy allegation in our complaint. There are four people that we said controlled the debtor [VOIP Guardian Partners I, LLC, but we don't suggest they controlled them together.
>
> What we have discovered - - and in large measure that is important for this motion and other motions -- is that there is a reason why Omanoff and Philipson are not represented by the same counsel as Rahman and Proto.  Because, one, our allegations against them are different, but two, there's a conflict among them, because what this Court will find out as this case goes on is that Omanoff is pointing a finger at Rahman and Proto, and he's going to say, "They told me nothing.  I was in the dark.  All I did was factoring."
>
> Philipson is going to say, "All I did was basic managerial stuff."

10

> **And the theory that we put forth in our case is that the people who created these fictional corporations, these dummy corporations and the fictional traffic, was Rahman and Proto, not Omanoff, not Mr. Philipson**.

29.     Plaintiff never received notice of the deadline by which proofs of claim should be filed in the Debtor's bankruptcy case because the Debtor neither scheduled Plaintiff on the Debtor's Schedules of Liabilities nor listed Plaintiff on the Debtor's Creditors Matrix.

30.     On April 12, 2022, Plaintiff filed a proof of claim against the Debtor and its bankruptcy estate in which Plaintiff asserts an unliquidated claim for damages arising from the Debtor's prepetition date fraud committed on Plaintiff.

31.     As detailed in greater length in Plaintiff's proof of claim, Plaintiff is a victim of the Debtor's fraud in that the Debtor knowingly and intentionally made false statements of material fact and material omissions of fact to Plaintiff to induce Plaintiff to remain in the Talking Capital business with Forefront and the Debtor.  Some of the Debtor's most glaring false statements of facts and material omissions include but are not limited to the following:

- The Debtor failed to advise Plaintiff the truth about his FINRA and SEC registration, when he gave it up, and the existence of the FINRA disciplinary proceedings against him personally;
- The Debtor failed to advise Plaintiff that the Debtor was personally insolvent as of 2011 and through 2019;
- The Debtor failed to advise Plaintiff that the Debtor owed millions of dollars to the Internal Revenue Service in unpaid taxes;
- The Debtor failed to advise Plaintiff that the Debtor was engaging in financial transactions that arguably constituted fraudulent transfers between 2011 and 2019, to evade creditors, including but not limited to the Internal Revenue Service;
- The Debtor lied to Plaintiff about the reasons for which certain prospective investors passed on providing financing for telecom receivables, falsely claiming that they passed on providing financing for reasons other than the Debtor's poor personal and professional reputation;
- The Debtor lied to Plaintiff about Talking Capital's Summit Trust transactions, including but not limited to the nature of the Debtor's prior dealings with Summit Trust, the source of Summit Trust's money, Summit Trust's own regulatory problems with the Nevada Department of Business and Industry Financial Institutions Division, the Debtor's and Summit Trust's relationship with Ron Morley and Morley's company The New Wealth, LLC, the reasons for which Summit Trust ultimately loaned money to

11

FTCI instead of Talking Capital, and the diversion of Summit Trust's money in February 2015 to Port Royal-NCM, LLC;

- The Debtor lied to Plaintiff and hid from Plaintiff the fact that on or around April 30, 2015, Forefront Partners secretly pledged its membership interest in Talking Capital to Port Royal-NCM, LLC, in exchange for a $10M "loan" of NCM's insurance funds;

- The Debtor lied to Plaintiff and hid from Plaintiff the fact that Forefront Partners had solicited a $200,000 loan from Karen and Doug McFarland allegedly secured by a "Verizon note," *i.e.* a telecom factoring transaction separately conducted not by Forefront Partners but by Talking Capital;

- The Debtor lied to Plaintiff about the reasons for which certain prospective investors for Talking Capital passed on providing financing for telecom receivables, including but not limited to Atalaya Capital Management; and

- The Debtor lied to Plaintiff and hid from him the Debtor's ongoing effort to compete directly with Talking Capital by diverting prospective investors from investing their funds directly in Talking Capital and urging them to instead invest their funds into Forefront Partners or an affiliated entity, Forefront Partners Short Term Notes, LLC.

32.    In that regard, the Defendants' violations of the automatic stay when exercising control over the membership interests in and management of Forefront and Forefront's right to appoint managers for the TC Defendants have (1) forced Plaintiff to incur attorneys' fees and costs in excess of $1,080,000.00 when defending the New York Action, which was only filed and subsequently prosecuted because of the Debtor's fraud on the Court when failing to disclose his assets and the Defendants' caliver disregard of sections 362(a)(3) and 541(a) of the Bankruptcy Code and the bankruptcy process; (2) forced Plaintiff to incur attorneys' fees and costs in excess of $50,000.00 when prosecuting this adversary proceeding in which he seeks, among other things, entry of a judgment in the Bankruptcy Court enjoining the Defendants' violations of the automatic stay when exercising control over property of the Debtor's estate in the New York Action; (3) prevented Plaintiff from securing meaningful employment, as a result of the stigma resulting from the allegations in the New York Action; and (4) created a domino effect in that the publicized untrue facts, misrepresentations, and critical omissions of the LLC Defendants in their pleadings filed in the New York Action have been repeated by others in related litigations involving the very same telecom factoring business and which were filed by the Marcia Kosstrin Trust, the

bankruptcy trustee of VoIP Guardian Partners I, LLC, and Lloyds of London and XL Specialty Insurance Company, providers of D&O and E&O insurance policies.

33.    Plaintiff is the whistle blower who exposed the Debtor's fraudulent activities of embezzling and misappropriating investor funds.

34.    Plaintiff also exposed the Debtor's entanglement of the TC Defendants into Forefront's multi-year Ponzi scheme and criminal enterprise which caused the collapse of at least two (2) financial institutions, Summit Trust Company and North Carolina Mutual, which are the subject of the lawsuits filed by the Department of Justice and the SEC against the Debtor and resulted in FINRA banning the Debtor from the securities industry for life.

35.    A reason that the New York Action exists is that the Debtor is on a vendetta against Plaintiff for exposing the Debtor's fraud and then refusing to aid and abet the Debtor's fraud following Plaintiff's discovery of such fraud.

**B.      Defendant Debtor.**

36.    The Debtor is the sole member of Defendant Forefront Partners, LLC.  *See* Exhibit 1 hereto, a true and correct copy of Verified Complaint and Jury Demand [Docket No. 1], ¶ 5, filed in *Forefront Partners, LLC et al. v. John Titolo et al.*, Index No. 656643/2019, which was pending, as recently as November 2021, in New York State Supreme Court, New York County; *see also* Exhibit 2 hereto, a true and correct copy of the *Affidavit of Bradley Reifler in Support of Plaintiffs' and Forefront's Motion for Summary Judgment* (the "Reifler Aff."), [Docket No. 779], ¶ 1, filed in the New York Action on December 9, 2021; *see also* Exhibit 3 hereto, a true and correct copy of the *Third Amended Complaint* [Docket No. 732] filed in the New York Action on October 25, 2021.

37.     The Debtor is the lead defendant in *Securities and Exchange Commission v. Bradley C. Reifler, et. al*., Civil Action No. 2:20-cv-00511 (D. Nev., filed on March 12, 2020) (the "SEC Action").  *See* Exhibit 4 hereto, a true and correct copy of the *Complaint* filed by the Securities and Exchange Commission (the "SEC") in the SEC Action.

38.     According to the SEC's *Complaint* filed in the SEC Action, in November 2014, the Debtor fraudulently raised $6,000,000 from an investor by representing that the money would be used to invest in a telecom receivables business.  Instead, the SEC's *Complaint* alleges, the Debtor diverted the $6,000,000 to support real-estate development projects in which he had an interest and to acquire a $34,000,000 portfolio of reinsurance trust assets in North Carolina.  Beginning in April 2015, the Debtor, as the investment adviser to the trust, allegedly defrauded the trust by investing its funds in various struggling entities in which he had an interest.  The SEC's *Complaint* alleges that in June 2015, to cover up his improper allocation of the trust assets, the Debtor created fictitious documents and forged counter-party signatures to make it appear as if the assets had been allocated into permissible investments.

39.     The Debtor is under criminal indictment for four counts of wire fraud and one count of perjury in *USA v. Reifler*, Criminal Docket No.1:20-cr-00512-CCE-1 (M.D.N.C., filed on December 1, 2020) (the "Indictment").  *See* Exhibit 5 hereto, a true and correct copy the Indictment.

40.     The Indictment alleges that the Debtor engaged in a scheme to enrich himself and his business entities by defrauding a life insurance company out of assets held in trust for the potential payment of life insurance claims.  As alleged in the Indictment, the Debtor served as an investment advisor for over $34,000,000 in assets belonging to the life insurance company.  Rather than investing the $34,000,000 in permissible investments, the Debtor invested funds in high-risk,

"junk", or self-dealing investments and otherwise diverted funds for his personal and business use. The Indictment further alleges that after a 2016 audit of the trust assets raised concerns about investments made by the Debtor, the Debtor concealed the fraud by falsifying and causing others to falsify supporting documentation, including valuations, promissory notes, and agreements, purporting to underly investments made with the trust assets.  Included among the fake documentation created by the Debtor and Forefront Partners, LLC are fake telecom loan documents, which are at issue in the New York Action.

41.    The Indictment also alleges that the Debtor submitted a false declaration in connection with a civil suit brought by the life insurance company, falsely swearing, under penalty of perjury, that all investments had been approved and that all of the funds had been invested in debt instruments.  As a result of the Debtor's scheme, the life insurance company was only able to recoup a portion of the approximately $34,000,000 that it entrusted to the Debtor, was unable to pay out on claims by its beneficiaries, and was placed in rehabilitation.

42.    The Debtor failed to list Plaintiff as a creditor on the Debtor's Creditors Matrix filed in the Bankruptcy Court.

43.    The Debtor failed to schedule Plaintiff as a creditor on the Debtor's Schedules of Liabilities filed in the Bankruptcy Court.

44.    The Debtor never amended his Creditors Matrix or his Schedules of Liabilities to identify Plaintiff as one of the Debtor's creditors.

C.    **The LLC Defendants**.

45.    The Debtor did not disclose his membership interests in Forefront in either his *Schedules of Assets* or *Statement of Financial Affairs* filed in his bankruptcy case.

46.     At the March 15, 2022 hearing in this adversary proceeding, the Bankruptcy Court ruled that "[i]t's undisputed that the debtor owns Forefront Partners, LLC, a Delaware limited liability company." Exhibit 8 hereto, a true and correct copy of the transcript of the March 15, 2022 hearing before the Bankruptcy Court in this adversary proceeding, at 37:21-23.

47.     At the March 15, 2022 hearing in this adversary proceeding, the Bankruptcy Court ruled that the Debtor's membership interests in Forefront constitute property of the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code. *See* Exhibit 8 hereto at 39:8-9.

48.     The Debtor's membership interests in Forefront have not been abandoned by the Debtor's bankruptcy estate within the meaning of section 554(a) of the Bankruptcy Code. *See* Exhibit 8 hereto at 32:1-5.

49.     Defendant Forefront is the sole member of Defendant Talking Capital Windup, LLC, formerly known as Talking Capital LLC.

50.     Defendant Talking Capital Windup, LLC is the sole member of Defendant Talking Capital Partners II, LLC.

51.     Defendant Talking Capital Windup, LLC is the sole member of Defendant Talking Capital Partners III, LLC.

### D.     Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq., Bowles & Johnson PLLC.

52.     On July 20, 2018 (*i.e.*, during the pendency of the Debtor's bankruptcy case), David K. Bowles, Esq. and Bowles & Johnson PLLC f/k/a Bowles Liberman & Newman LLP filed a *Notice of Appearance* as counsel to the LLC Defendants in the New York Action. *See* Exhibit 12 hereto, a true and correct copy of the *Notice of Appearance* filed as Docket No. 217 in the New York Action.

53.     Defendants David K. Bowles, Esq. represents the LLC Defendants in the New York Action.

54.     Defendants David K. Bowles, Esq. has neither been employed by the Debtor's chapter 7 trustee nor filed an affidavit, in accordance with Bankruptcy Rule 2014, in which he affirmatively states that he does not hold or represent an interest adverse to the Debtor's estate, and that he is a disinterested person.

55.     Defendant Margarett A. Johnson, Esq. represents the LLC Defendants in the New York Action.

56.     Defendant Margarett A. Johnson, Esq. has neither been employed by the Debtor's chapter 7 trustee nor filed an affidavit, in accordance with Bankruptcy Rule 2014, in which she affirmatively states that she does not hold or represent an interest adverse to the Debtor's estate, and that she is a disinterested person.

57.     Defendant Bowles & Johnson PLLC represents the LLC Defendants in the New York Action.

58.     Defendant Bowles & Johnson PLLC has neither been employed by the Debtor's chapter 7 trustee nor filed an affidavit, in accordance with Bankruptcy Rule 2014, in which it affirmatively states that it does not hold or represent an interest adverse to the Debtor's estate, and that it is a disinterested person.

59.     Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq., and Bowles & Johnson PLLC maintain an office at 14 Wall Street, 20th Floor, New York, New York 10005-2123.

60.     Defendants David K. Bowles, Esq., Margarett A. Johnson, and Bowles & Johnson PLLC never informed the New York State Supreme Court Justice presiding over the New York Action that (1) Debtor and other Defendants were exercising control over the property of the

Debtor's bankruptcy estate without permission of the Bankruptcy Court or (2) sought a stay of the New York Action while the chapter 7 trustee decided whether to abandon, sell or otherwise use the Debtor's membership interest in and management of Forefront and Forefront's right to appoint managers for the TC Defendants, all of which constitute property of the Debtor's bankruptcy estate.

61.    Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq., and Bowles & Johnson PLLC are acting in concert with, and actively assisting and facilitating, the other Defendants' use of the Debtor's membership interests in and management of Forefront and Forefront's right to appoint managers of the TC Defendants in violation of the automatic stay in the Debtor's bankruptcy case.

62.    Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles & Johnson PLLC are aware of the automatic stay under section 362(a) of the Bankruptcy Code and that the membership interests in, and right to manage Forefront, as well as the right to appoint managers of the TC Defendants, constitute property of the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

63.    Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles & Johnson PLLC are intentionally trivializing the importance of the Debtor's pending bankruptcy case when prosecuting the New York Action and intentionally misinforming the New York State Supreme Court with respect to the Debtor's pending bankruptcy case.

64.    Defendants David K. Bowles, Esq. and Bowles & Johnson PLLC filed a reply brief in support of the LLC Defendants' motion to file an amended complaint which contained an argument section entitled "**Reifler's Past Bankruptcy is Irrelevant**." Exhibit 9 hereto, a true and

correct copy of the LLC Defendants' reply brief filed in the New York Action as Docket No. 714

on October 15, 2021 (emphasis added).

65.    In the same reply brief submitted in the New York Action, Defendant David K.

Bowles, Esq. and Bowles & Johnson PLLC stated:

> **[The Debtor] did not conceal his membership in Forefront in [the bankruptcy].
> Further, this would be the business of the bankruptcy trustee and bankruptcy
> court to resolve; this issue is not by any means before this Court.**

Exhibit 9 hereto at p. 5 (emphasis added).

66.    Likewise, attorney Defendant David K. Bowles, Esq. explained to the New York

State Supreme Court that paragraph 6.3 of Forefront's operating agreement states that a manager

holds office until "Bankruptcy" and that he drafted Forefront's September 3, 2021 resolution to

clarify that the term "Bankruptcy" means "the entry of an adjudication of bankruptcy" (*i.e.*,

"discharged in bankruptcy") against the manager and does not mean "filing for bankruptcy" by the

manager.  *See* Exhibit 9 hereto at p. 11; *see also* Exhibit 10 hereto, a true and correct copy of

Forefront's September 3, 2021 resolution, which Defendants David K. Bowles, Esq. and Bowles

& Johnson PLLC filed as Docket No. 698 in the New York Action.

67.    Not only did Defendant David K. Bowles, Esq. observe that "[t]here is no dispute

that [the Debtor] was never discharged in bankruptcy" and draft the September 3, 2021 Forefront

resolution in which he changed the definition of "Bankruptcy" within the Forefront operating

agreement, but he also unambiguously informed the New York State Supreme Court that the

**Debtor "remains the manager of Forefront**."  Exhibit 9 hereto at p. 11 (emphasis added).

68.    In sum, Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq., and

Bowles & Johnson PLLC, as counsel to the LLC Defendants, went to great lengths to convince

the New York State Supreme Court that "**Reifler's Past Bankruptcy is Irrelevant**" and that the

Debtor's "**conceal[ment] [of] his membership in Forefront in [the bankruptcy] would be the**

**business of the bankruptcy trustee and bankruptcy court to resolve**." Exhibit 9 hereto at pp. 5, 9 (emphasis added).

69.     In addition, Defendant David K. Bowles, Esq. changed the definition of "Bankruptcy" within Forefront's Operating Agreement in an effort to sidestep the bankruptcy trustee and the Bankruptcy Court. *See* Exhibit 9 hereto at p. 11;. *see also* Exhibit 10 hereto.

70.     The actions of Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq., and Bowles & Johnson PLLC to explain away the meaning of the Debtor's bankruptcy case when prosecuting the New York Action lines up with the Debtor's coached deposition testimony given on August 10, 2021 in the New York Action.  During that deposition, Plaintiff's counsel in the New York Action asked the Debtor whether the Debtor was in bankruptcy.  The Debtor responded by saying: "Declaring and going bankrupt are two different things.  I am no longer in bankruptcy." Exhibit 11 hereto at 27:10-12.

71.     When given an opportunity to correct his testimony, the Debtor doubled down on his prior answer by stating: "As far I am concerned it's closed.  The discharge has been denied. So I am not bankrupt."  Exhibit 11 hereto at 31:1-3.

72.     Based on the foregoing, the obvious conclusion is that Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles & Johnson PLLC are making a mockery of the Bankruptcy Code and the Bankruptcy Court's jurisdiction over property of the Debtor's bankruptcy estate in federal and state courtrooms in Manhattan and Poughkeepsie.

**E.     Defendant William T. McKettrick.**

73.     On September 3, 2021, Defendant William T. McKettrick became a co-manager of Forefront pursuant to the *Written Consent of the Sole Member of Forefront Partners LLC*, which

was drafted by Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles &
Johnson PLLC and signed by the Debtor, as the sole member of Forefront. *See* Exhibit 10 hereto.

74.     On and after September 3, 2021 and through the date hereof, Defendant William T.
McKettrick has actively made decisions for Forefront and participated in the management of
Forefront without being appointed as Forefront's co-manager by the Debtor's bankruptcy trustee
or receiving authorization from the Bankruptcy Court.

### F.     John or Jane Does (1-10) and ABC Entities (1-10).

75.     Defendants John or Jane Does (1-10) are unknown or unidentified individuals who
are responsible in whole or in part for Plaintiff's damages.  Upon reasonable discovery and once
known or identified with the true names ascertained, Plaintiff will amend this Verified Amended
Complaint to show their true names.

76.     Defendants ABC Entities (1-10) are unknown and unidentified business entities
who are responsible in whole or in part for Plaintiff's damages.  Upon reasonable discovery and
once known or identified with their true names ascertained, Plaintiff will amend this Verified
Amended Complaint to show their true names.

## THE NEW YORK ACTION

77.     The New York Action was filed on February 24, 2017 (*i.e.*, just 35 days after the
Debtor filed his Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the Court.)

78.     On February 24, 2017, the Debtor affirmatively misrepresented under oath to the New
York State Supreme Court, New York County, that Lisette Ackerberg (his mother), Kelcop LLC
(an entity controlled by family members of the Debtor), and Christopher Engel (an executive at
Forefront Capital Markets LLC) were members of Forefront.  *See* Exhibit 6 hereto, a true and

correct copy of the *Verified Complaint* [Docket No. 2], ¶ 2, which was filed in the New York Action on February 24, 2017.

79.     Defendants Talking Capital Windup LLC, Talking Capital Partners II, LLC, and Talking Capital Partners III, LLC are Plaintiffs in the New York Action and Forefront is a defendant counterclaimant in the New York Action.

80.     Defendants are seeking entry of a judgment in an amount more than $50,000,000 in favor of Defendants and against Plaintiff and others in the New York Action.

81.     The Debtor has already recovered substantial sums, estimated to be in excess of $1,000,000, in the New York Action (the "Withheld Funds") from Mark Proto, Joseph Rahman and/or companies under their control.  *See* Exhibit 7 hereto, a true and correct copy of the *Affirmation of David K. Bowles in Support of Order to Show Cause* [Docket No. 694], ¶ 4, which was filed in the New York Action on September 23, 2021.

82.     Plaintiff has been substantially damaged and suffered a particularized injury in that (1) Plaintiff has already incurred attorneys' fees and costs in excess of $1,080,000.00 when defending the New York Action, which was only filed and subsequently prosecuted because of the Debtor's fraud on the Court when failing to disclose his assets and the Defendants' caliver disregard of sections 362(a)(3) and 541(a) of the Bankruptcy Code and the integrity of the bankruptcy process; and (2) Plaintiff has already incurred attorneys' fees and costs in an amount in excess of $50,000.00 when prosecuting this adversary proceeding in which Plaintiff seeks entry of a judgment providing, among other things, an injunction enjoining the Defendants' violations of the automatic stay when exercising control over property of the Debtor's estate in the New York Action.

## COUNT I
## DECLARING THAT SECTION 362(a) OF THE BANKRUPTCY CODE
## ENJOINS THE PROSECUTION OF THE NEW YORK ACTION
### (Against All Defendants)

83.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Verified Amended Complaint as if fully set forth herein.

84.     Section 362(a)(3) of the Bankruptcy Code operates as a stay, "applicable to all entities" of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to **exercise control over property of the estate**."  11 U.S.C. § 362(a)(3) (emphasis added).

85.     Section 541(a) of the Bankruptcy Code defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," ". . . wherever located and by whomever held."  11 U.S.C. § 541(a).

86.     The Debtor's membership interests in and accompanying rights to manage Forefront, as well as Forefront's rights to appoint the managers for the TC Defendants, constitute property of the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

87.     The Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code through their unauthorized use of the Debtor's membership interests in and accompanying rights to manage Forefront, as well as Forefront's rights to appoint the managers for the TC Defendants, when prosecuting the LLC Defendants' claims and causes of action in the New York Action,

88.     Because Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code in the New York Action, the New York Action is barred by the automatic stay under section 362(a) of the Bankruptcy Code and the

New York Action should be permanently stayed and enjoined under section 362(a) of the Bankruptcy Code.

89.     There exists a substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201 et al.  A prompt judicial determination of the respective rights and duties of the parties in these respects is necessary and appropriate.

### COUNT II
### DECLARING THAT ALL ACTIONS TAKEN IN THE NEW YORK ACTION ARE *VOID AB INITIO* UNDER SECTION 362(a) OF THE BANKRUPTCY CODE
### (Against All Defendants)

90.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Verified Amended Complaint as if fully set forth herein.

91.     Section 362(a)(3) of the Bankruptcy Code operates as a stay, "applicable to all entities" of, among other things, "any act to obtain possession of property of the estate or of property from the estate or to **exercise control over property of the estate**."  11 U.S.C. § 362(a)(3) (emphasis added).

92.     Section 541(a) of the Bankruptcy Code defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case," ". . . wherever located and by whomever held." 11 U.S.C. § 541(a).

93.     The Debtor's membership interests in Forefront, rights to manage Forefront, and rights to appoint the managers of the TC Defendants constitute property of the Debtor's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code.

94.     The Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code through their unauthorized use of the Debtor's membership interests in and accompanying rights to manage Forefront and the TC

Defendants when prosecuting the LLC Defendants' claims and causes of action in the New York Action.

95.     Because Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code in the New York Action and, therefore, violating section 362(a)(3) of the Bankruptcy Code, the Bankruptcy Court should enter a judgment declaring that all actions taken in the New York Action (including but not limited to the decisions and orders entered in the New York Action) since the commencement of the New York Action are *void ab initio*.

96.     There exists a substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the issuance of a declaratory judgment under 28 U.S.C. § 2201 et al.  A prompt judicial determination of the respective rights and duties of the parties in these respects is necessary and appropriate.

## COUNT III
## INJUNCTIVE RELIEF UNDER SECTIONS 105(a)
## AND 362(a) OF THE BANKRUPTCY CODE
### (Against All Defendants)

97.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Verified Amended Complaint as if fully set forth herein.

98.     Section 105(a) of the Bankruptcy Code authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

99.     The Bankruptcy Court has authority under sections 105(a) and 362(a) of the Bankruptcy Code to enter a permanent injunction staying, restraining and enjoining the Defendants from exercising control over the Debtor's assets in connection with the New York Action and enjoying the continuation of the New York Action by the Defendants.

100.    For the reasons stated herein, Plaintiff is entitled to a permanent injunction staying, restraining, and enjoining Defendants from exercising control over the Debtor's assets in the New York Action and enjoining the continuation of the New York Action.

### COUNT IV
### WILLFUL VIOLATION OF THE AUTOMATIC STAY
### UNDER SECTION 362(k) OF THE BANKRUPTCY CODE
#### (Against All Defendants)

101.    Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this Verified Amended Complaint as if fully set forth herein.

102.    Prior to the commencement of the New York Action, the Debtor, the LLC Defendants, Defendant John or Jane Does (1-10), and Defendant ABC Entities (1-10) had actual knowledge of the Debtor's bankruptcy filing in the Bankruptcy Court.

103.    On the date of commencement of the New York Action, the Debtor, the LLC Defendants, Defendant John or Jane Does (1-10), and Defendant ABC Entities (1-10) had actual knowledge that the Debtor's bankruptcy case was ongoing.

104.    On the date of commencement of the New York Action, the Debtor, the LLC Defendants, Defendant John or Jane Does (1-10), and Defendant ABC Entities (1-10) knew or should have known of the appointment of a bankruptcy trustee to manage the Debtor's bankruptcy estate and its assets.

105.    On and after the date of the LLC Defendants' retention of Defendants Bowles & Johnson PLLC, David K. Bowles, Esq., and Margaretta A. Johnson, Esq. in connection with the New York Action, Defendant Bowles & Johnson PLLC, David K. Bowles, Esq., and Margaretta A. Johnson, Esq. had actual knowledge that the Debtor's bankruptcy case was ongoing.

106.    On and after the date of filing of their Notice of Appearance in the New York Action, Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles & Johnson PLLC had actual knowledge that the Debtor's bankruptcy case was ongoing.

107.    By filing pleadings in the New York Action, appearing for conferences, depositions and oral argument on motion and applications in the New York Action, and drafting Forefront's September 3, 2021 resolution (which changed the definition of "bankruptcy" in Forefront's operating agreement), Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles & Johnson PLLC have willfully violated the automatic stay in the Debtor's bankruptcy case.

108.    By acting in concert with, and actively assisting and facilitating, the other Defendants' violations of the automatic stay in the Debtor's bankruptcy case (*i.e.*, control over the membership interests and management of Forefront and the TC Defendants), Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles & Johnson PLLC have willfully violated the automatic stay in the Debtor's bankruptcy case and continue to willfully violate the automatic stay in the Debtor's bankruptcy case.

109.    By using the Debtor's membership interests in and attend managerial rights in Forefront to appoint the Debtor as the manager of each of the LLC Defendants and to direct the prosecution of the New York Action, the Defendants have willfully violated the automatic stay in the Debtor's bankruptcy case and continue to willfully violate the automatic stay in the Debtor's bankruptcy case.

110.    On September 3, 2021, Defendant William T. McKettrick became a co-manager of Forefront pursuant to the *Written Consent of the Sole Member of Forefront Partners LLC*, which was drafted by Defendants David K. Bowles, Esq., Margarett A. Johnson, Esq. and Bowles & Johnson PLLC and signed by the Debtor, as the sole member of Forefront.  *See* Exhibit 10 hereto.

111.    On and after September 3, 2021 and through the date hereof, Defendant William T. McKettrick has actively made decisions for Forefront and participated in the management of Forefront without being appointed as Forefront's co-manager by the Debtor's bankruptcy trustee.

112.    When Defendant William T. McKettrick became a co-manager of Forefront on September 3, 2021, Defendant William T. McKettrick had actual knowledge that the Debtor's bankruptcy case was ongoing.

113.    When Defendant William T. McKettrick became a co-manager of Forefront on September 3, 2021, Defendant William T. McKettrick knew or should have known of the appointment of a bankruptcy trustee to manage the Debtor's bankruptcy estate and its assets.

114.    Plaintiff, a creditor of the Debtor, has been substantially harmed and suffered a particularized injury by having to incur substantial attorneys' fees and costs in defending the New York Action (which which was only filed and subsequently prosecuted because of the Debtor's fraud on the Court when failing to disclose his assets and the Defendants' cavalier disregard of sections 362(a) and 541(a) of the Bankruptcy Code and the integrity of the bankruptcy process) and having to incur substantial attorneys' fees and costs in this adversary proceeding in which Plaintiff seeks, among other things, entry of judgment enjoining the Defendants' violations of the automatics stay in the Debtor's pending bankruptcy case.

115.    For the reasons stated herein, the Plaintiff is entitled to the entry of a monetary judgment, under section 362(k) of the Bankruptcy Code, against the Defendants, jointly and severally, for compensatory damages in an amount to be determined at trial, plus interest thereon from the date of filing of the Verified Complaint, attorneys' fees and costs, and punitive damages, as well as such other amounts as may be determined by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully prays for judgment as follows:

(a)     On Count I of this Verified Amended Complaint, for entry of a judgment (i) declaring that (a) the Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code in the New York Action, (b) the New York Action is barred by the automatic stay under section 362(a) of the Bankruptcy Code, and (c) the New York Action is stayed and enjoined under section 362(a) of the Bankruptcy Code, and (ii) granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper;

(b)     On Count II of this Verified Amended Complaint, for entry of a judgment (i) declaring that (a) the Defendants are exercising control over property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code in the New York Action, (b) the Defendants have violated the automatic stay under section 362(a)(3) of the Bankruptcy Code in the Debtor's bankruptcy case, and (c) all actions taken in the New York Action (including but not limited to the decisions and orders entered in the New York Action) since the commencement of the New York Action are *void ab initio*, and (ii) granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper;

(c)     On Count III of this Verified Amended Complaint, for entry of a judgment providing for (i) permanent injunction, pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, (a) staying, restraining, and enjoining Defendants from exercising control over the Debtor's membership interests in Forefront Partners, LLC and the attend managerial rights to appoint managers for each of the LLC Defendants, and (b) barring the continuation of the New York

Action, and (ii) granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper; and

(d)      On Count IV of this Verified Amended Complaint, for entry of a monetary judgment, pursuant to section 362(k) of the Bankruptcy Code, in favor of Plaintiff and against the Defendants, jointly and severally, in an amount to be determinate at trial, _plus_ interest thereon from the date of filing of the Verified Complaint, attorneys' fees and costs, and punitive damages, as well as such other amounts as may be determined by the Court, and granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

Dated:  April 12, 2022
          Roseland, New Jersey                      SKOLNICK LEGAL GROUP, P.C.

                                        _/s/ Scott H. Bernstein_____
                                         Scott H. Bernstein
                                        _Co-Counsel to Plaintiff Rodney Omanoff_
                                        103 Eisenhower Parkway, Suite 305
                                        Roseland, New Jersey 07068
                                        Telephone:  (973) 403-0100
                                        Facsimile:  (973) 488-7140
                                        scott@skolnicklegalgroup.com

## <u>VERIFICATION OF RODNEY OMANOFF</u>

I, Rodney Omanoff, am the plaintiff in the above-captioned action.  I have read the foregoing *Verified Amended Complaint for Declaratory Relief Under Section 362(a) of the Bankruptcy Code, Injunctive Relief Under Sections 105(a) and 362(a) of the Bankruptcy Code, and an Award of Attorneys' Fees, Costs, Compensatory Damages and Punitive Damages Pursuant to Sections 105(a) and 362(k) of the Bankruptcy Code.*  I am informed and believe the matters stated therein are true.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on April 12, 2022.

_____
Rodney Omanoff