BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
David K. Bowles (DB6591)
David@BoJo.Law
Counsel for Defendants Forefront Partners, LLC,
Talking Capital Windup LLC, Talking Capital
Partners II, LLC, Talking Capital Partners III, LLC,
Margarett A. Johnson, Esq., and David K. Bowles, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**

| | |
|---|---|
| *In re:* BRADLEY C. REIFLER, | Chapter 7 |
| Debtor. | Case No. 17-35075 (CGM) |
| RODNEY OMANOFF, | |
| Plaintiff, | |
| - vs - | Adv. Proc. No. 22-09002 (CGM) |
| BRADLEY C. REIFLER, FOREFRONT PARTNERS, LLC, TALKING CAPITAL WINDUP LLC, TALKING CAPITAL PARTNERS II, LLC, TALKING CAPITAL PARTNERS III, LLC, BOWLES & JOHNSON PLLC, DAVID K. BOWLES, ESQ., MARGARETT A. JOHNSON, ESQ. WILLIAM T. MCKETTRICK, JOHN OR JANE DOES (1-10), and ABC ENTITIES (1-10) Defendants. | |

**DEFENDANTS FOREFRONT PARTNERS, LLC, TALKING CAPITAL WINDUP LLC, TALKING CAPITAL PARTNERS II, LLC, TALKING CAPITAL PARTNERS III, LLC, DAVID K. BOWLES, ESQ. AND MARGARETT A. JOHNSON, ESQ.'S**
<u>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**</u>

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................................................1

II. FACTS AND RELEVANT PROCEDURE .................................................................................2

    a. The History of the Main Bankruptcy Case and State Court Proceedings .......................2

    b. The Relevant History of the Current Proceeding .............................................................3

    c. The Frivolous RICO Complaint ........................................................................................3

    d. The Frivolous Motion for Reconsideration .....................................................................4

III. ARGUMENT .................................................................................................................................6

    a. Standard of Law .................................................................................................................6

    b. The Motion for Reconsideration Should be Denied Because it Merely Repeats the Same Arguments Made and Rejected in the Original Motion .........................................8

    c. Omanoff's Motion Should Also Be Denied Because the Court Did Expressly Consider the Issues Now Raised ........................................................................................................8

    d. Omanoff's Request for Clarification Should Likewise be Denied ................................12

IV. CONCLUSION ............................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) ................................................................................................................................ 7
Butner v. United States, 440 U.S. 48, 54-55 (1979) ...................................................................... 11
Dishi & Sons v. Bay Condos LLC, 510 B.R. 696, 705 (S.D.N.Y. 2014) ..................................... 11
*Fezzani v. Bear, Stearns & Company, Inc.,* 2004 WL 1781148 at * 1 (S.D.N.Y. Aug. 10, 2004) 6
In re Adelphia Commc'ns Corp., 324 B.R. 492, 494–95 (Bankr. S.D.N.Y. 2005)(Morris, J.)... 7, 8
*In re Best Payphones, Inc.,* 2003 WL 1089525 at *1 (Bankr.S.D.N.Y. Mar. 10, 2003) ................ 6
In re Campbell, 475 B.R. 622 (Bankr. N.D. Ill. 2012) .................................................................... 9
*In re Contempri Homes, Inc.,* 281 B.R. 557, 559 (Bankr.E.D.Pa.2002) ........................................ 6
In re Glick, 568 B.R. 634 (Bankr. N.D. Ill. 2017) .......................................................................... 9
*In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996) ..................................................... 7
In re Opus E., L.L.C., 480 B.R. 561, 575 (Bankr. D. Del. 2012) .................................. 3, 9, 10, 12
Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000) ........ 7
Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998) ......................................................... 7

**Rules**

Federal Rule of Civil Procedure 60(b)(1) ....................................................................................... 7
Local Rule 9023-1 ........................................................................................................................... 8

## I. PRELIMINARY STATEMENT

Plaintiff Rodney Omanoff ("Plaintiff" or "Omanoff") has brought a motion for reconsideration of a portion of the Court's July 12, 2022 decision to dismiss the current Adversary Proceeding, reached after months of briefing by the parties and consideration by the Court. This motion is frivolous and should be denied.

As the Court stated on July 12, 2022, "Mr. Omanoff has pursued a scorched earth litigation strategy in this court." This is merely more of the same. Omanoff will clearly bring every motion procedurally available to him, whether frivolous or not.

This motion is certainly frivolous. The standard for motions for reconsideration is strict, and requires the movant to show either new facts or new controlling law. Omanoff does not even attempt to do so. There is not a hint of new facts or new controlling law in the motion.

Rather, Omanoff attempts to reargue matters that were briefed and argued in the original motion sequence. He takes no issue with the Court's decision that the TC Companies and the State Case are not assets of the Debtor's estate, and therefore no issue with dismissal of the first two claims for declaratory relief that the automatic stay has been violated. However, he does ask the Court to preserve the remaining two claims, to the extent those claims seek a permanent injunction enjoining Defendants' exercise of control over the membership interests in Forefront, "including the governance and management of Forefront" and an award of monetary damages to Omanoff for damages suffered as a result of the alleged violations of the automatic stay. This would be logically impossible: if there is no violation of the automatic stay, then there is no *willful* violation of the automatic stay. If there is no violation of the automatic stay, then there is no basis for a permanent injunction based on violations of the automatic stay. This makes no sense at all.

Accordingly, Defendants Talking Capital Windup LLC ("TC"), Talking Capital Partners II, LLC ("TCPII"), Talking Capital Partners III, LLC ("TCPIII") (together the "TC Companies"), defendant Forefront Partners, LLC ("Forefront") (together with the TC Companies, the "Corporate Defendants"), defendant David K. Bowles, Esq. ("Bowles") and Margarett A. Johnson, Esq. ("Johnson," and together with Bowles, the "Attorney Defendants")(the Attorney Defendants and Corporate Defendants collectively referred to herein as the "Non-Debtor Defendants"), by their counsel, Bowles & Johnson PLLC, respectfully request that Omanoff's motion for reconsideration be denied.

## II. FACTS AND RELEVANT PROCEDURE

a. The History of the Main Bankruptcy Case and State Court Proceedings

The Non-Debtor Defendants thoroughly briefed the Court on the history of the main case, In re Reifler, 4:17-bk-35075 (CGM) (the "Main Case"), and the unrelated state court case of Forefront Partners v. Omanoff et al., Index No. 650973/2017, now captioned Talking Capital Windup LLC et al. v. Omanoff et al., Index. No. 650973/2017 (the "State Case"), in their motion to dismiss (Dkt. 115, 149), and respectfully refer the Court to that recitation.

From that record, the Non-Debtor Defendants repeat only that the corporate structure here is clear and simple:

- The Debtor owns Forefront;
- Forefront owns TC;
- TC owns TCPII and TCPIII.

Dkt. 149 at 2 (and evidence cited therein). It is undisputed that the TC Companies are the plaintiffs in the State Case. Dkt. 149 at 3-4. None of the companies here are bankrupt, only the Debtor.

2

b.  The Relevant History of the Current Proceeding

The Non-Debtor Defendants moved to dismiss, and the Court held oral argument on July 12, 2022.  Declaration of David K. Bowles ("Bowles Dec."), Ex. A.  The Court allowed the parties ample time to make their arguments on the record.  Id.  The Court thoroughly discussed the record, and, citing to In re Opus E., L.L.C., 480 B.R. 561 (Bankr. D. Del. 2012) and Del. Code Ann. tit. 6, § 18-701, held that under Delaware law "[t]he assets of Forefront are not Mr. Reifler's assets and Forefront's assets, which include TC companies as subsidiaries … did not automatically become property of the estate at the time of Mr. Reifler's bankruptcy."  Bowles Dec., Ex. A at 52:5-53:13.  The Court recognized that "[s]ince Forefront property is not property of the estate, the automatic stay is inequitable [inapplicable] to Forefront and TC companies." Id. at 54:6-8.[1]  "If … the property in question is not property of the estate and was not in the possession of the debtor at the time of the commencement of the case, Section 362(a)(3) is inapplicable." Id. at 54:9-12 (citing 3 Collier on. Bankruptcy ¶362.03 (16th ed. 2021)).  The Court therefore granted the Non-Debtor Defendants' motion to dismiss on all counts.  Dkt. 161.

c.  The Frivolous RICO Complaint

Immediately after the hearing on July 12, 2022, *while still in the bankruptcy courtroom*, the undersigned counsel, David Bowles, was served with a new federal complaint by Omanoff's agent.  Bowles Dec., ¶4 and Ex. B (the "RICO Complaint").  The complaint, which commenced a federal action (the "RICO Action"), named 37 defendants, including the undersigned counsel, his law firm, and his law partner, along with the Corporate Defendants, as well as Reifler, and his family, among many other persons and entities.  Bowles Dec., Ex. B at caption.  After

---

[1] The undersigned believes, based on memory and context, that the word "inequitable" is a mistranscription and that the Court actually said "inapplicable."

prompting from the federal court, Omanoff filed a filed an amended RICO Complaint on July 26, 2022 (the "Amended RICO Complaint"). Bowles Dec., Ex. C.

The Amended RICO Complaint raises many issues previously raised before this Court and now adjudicated before this Court. It alleges that the Debtor failed to disclose that he was the owner of Forefront. Bowles Dec., Ex. C at ¶472. This expressly contradicts the Court's factual finding that "Mr. Omanoff argues that Mr. Reifler never disclosed his interest in. Forefront on his initial schedules. That's not true." Bowles Dec., Ex. A at 50:16-18. The Amended RICO Complaint further the Debtor committed "bankruptcy fraud" by controlling Forefront Partners and causing the State Case to be filed. Bowles Dec., Ex. C at ¶299. This also contradicts the Court's decision on July 12, 2022. Omanoff also makes misrepresentations in direct contravention of this Court's holdings on July 12, 2022 that Forefront's assets are not assets of the bankruptcy estate, in that it alleges that "Reifler's concealment, assertion of control and unlawful use of his bankruptcy estate's assets (*i.e.*, his single member entity Forefront Partners LLC and Talking Capital LLC) in order to file unlawful litigation against Plaintiff constitutes . . . statutory bankruptcy fraud." Bowles Dec., Ex. C at ¶46; *see also* ¶463 ("which enabled him to commit the further fraud of seizing control of bankruptcy estate assets [including] Forefront Partners and Talking Capital) …."). In the RICO Action, Omanoff clearly seeks an improper, non-appellate review of this Court's decisions.

    d.    <u>The Frivolous Motion for Reconsideration</u>

On July 28, 2022, Omanoff filed a motion for reconsideration of the Court's well-considered July 12, 2022 decision. Dkt. 166. The motion alleges that the Court failed to consider that the complaint sought a permanent injunction against the exercise of control over the estate's membership interests in Forefront, including the governance and management of

4

Forefront in Claim 3. Dkt. 166 at ¶1. Further, the motion argues that the Court failed to consider that Claim 4 of the complaint seeks damages for exercising control over the Debtor's assets. Id.

Notwithstanding Plaintiff's efforts to rewrite his Amended Complaint, Claim III of the Amended Complaint actually seeks "a permanent injunction staying, restraining and enjoining the Defendants from exercising control over the Debtor's assets *in connection with the New York Action* …." Dkt. 44 at ¶¶99-100 (emphasis added). Further, Claim IV of the Amended Complaint alleges only damages related to his defense of the State Case. Dkt. 44 at ¶¶114-115.

On July 12, 2022, the Court clearly stated:

> Under Count 3, Mr. Omanoff requests a permanent injunction of the state court action under 105(a) and 362(a). Under Count 4, Mr. Omanoff asserts a claim under 11 U.S.C. 362(k) for damages arising from a willful violation of the automatic stay against all the defendants.

Bowles Dec., Ex. A at 41:16-20. However, the Court determined that these claims – as well as the others – were properly dismissed because the State Case was not an asset of the Debtor's estate:

> Forefront and TC companies argue that Delaware law places the state court actions outside the debtor's estate. Forefront and TC companies cite to the same Delaware provision that the Delaware bankruptcy judge relied on 6 Delaware Code § 18-701 (2019) for the proposition that the state court action falls outside the property of the estate. This Court agrees. The assets of Forefront are not Mr. Reifler's assets and Forefront's assets, which include TC companies as subsidiaries. It did not automatically become property of the estate at the time of Mr. Reifler's bankruptcy.

Bowles Dec., Ex. A at 53:6-12. As the Court held, this disposed of Omanoff's entire case.

What Omanoff's motion does not do is cite a single new fact or controlling law that would disturb this Court's reasoned decision. Omanoff's motion does not even purport to do so. As discussed below, this is improper, and the motion is frivolous.

# III. ARGUMENT

Omanoff's motion should be denied as frivolous because it does not even pretend to meet the standard for reargument or reconsideration. It does not suggest that there is a new instance of controlling law, or any new fact, to support such a motion. It is an example of the scorched-earth litigation that Omanoff has carried out to date before this Court, and should be denied.

a. Standard of Law

Motions for reconsideration are disfavored, the standard for granting such a motion is strict, and such motions should be granted only upon a showing that the Court overlooked some controlling fact or precedent previously presented. As this Court stated in 2005:

> Motions for reconsideration are disfavored, because "[c]omplete disposition of discrete issues and claims is often essential to effective case management. If a court is forced to revisit earlier interlocutory rulings, much of the advantage in making the early rulings would be lost." *In re Best Payphones, Inc.,* 2003 WL 1089525 at *1 (Bankr.S.D.N.Y. Mar. 10, 2003) (citations omitted). Furthermore, motions for reconsideration are not a substitute for an appeal, *see Fezzani v. Bear, Stearns & Company, Inc.,* 2004 WL 1781148 at * 1 (S.D.N.Y. Aug. 10, 2004), and "a party who fails to present their strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider." *See In re Contempri Homes, Inc.,* 281 B.R. 557, 559 (Bankr.E.D.Pa.2002); *see also In re Bushman,* 311 B.R. 91, 96 (Bankr.D.Utah 2004) (reargument not permitted to merely advance new arguments or supporting facts ***which were available*** for presentation at the time of the original argument; a defendant's failure to present its strongest case in the initial briefing does not entitle it to a second chance). "The rule permitting reargument must be narrowly construed to avoid repetitive arguments on issues that the court has already fully considered." . . . "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice." . . . . "The moving party is required to demonstrate that the Court overlooked the ***controlling*** decisions or factual matters that were put before the Court in the underlying motions."

In re Adelphia Commc'ns Corp., 324 B.R. 492, 494–95 (Bankr. S.D.N.Y. 2005) (Morris, J.)(emphasis in original; some internal citations omitted). The Court denied the motion for reconsideration. Id. at 503. The Court's ruling was consistent with doctrine in the Second Circuit:

> "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied *unless the moving party can point to controlling decisions or data that the court overlooked*."

Analytical Survs., Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012) (emphasis added).

> Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court. *See In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (A Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved"). Likewise, a motion for reconsideration is appropriate only where the movant demonstrates that "the Court has overlooked controlling decisions or factual matters that were *put before it on the underlying motion* ... and which, had they been considered, might have reasonably altered the result before the court."

Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391–92 (S.D.N.Y. 2000) (emphasis in original).[2]

---

[2] Omanoff also argues that Federal Rule of Civil Procedure 60(b)(1) applies, allowing the Court to correct the Court's own "mistake." Dkt. 166 at ¶65. However, Omanoff does not demonstrate that the Court made a mistake.

7

Further, the Court's Local Rule 9023-1 clearly states that "[n]o oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally."  Local Rule 9023-1.[3]

> b. The Motion for Reconsideration Should be Denied Because it Merely Repeats the Same Arguments Made and Rejected in the Original Motion

Omanoff's motion fails to comply with all of these rules.  Local Rule 9023-1 calls for a statement of the "matters and controlling decisions" that the Court purportedly failed to consider.  SDNY Bankruptcy Local Rule 2023-1.  Further, Local Rule 9023-1 requires that the movant identify the "matters or controlling decisions" that the movant believes the Court has missed.  As this Court held in In re Adelphia Commc'ns Corp., this is necessary for reconsideration.  In re Adelphia Commc'ns Corp., 324 B.R. at 494–95.  Omanoff's motion simply fails to identify any law or fact that the Court purportedly missed.

Since Omanoff has failed to bring the Court's attention to controlling law or facts that the Court failed to consider, Omanoff's motion should be denied.

> c. Omanoff's Motion Should Also Be Denied Because the Court Did Expressly Consider the Issues Now Raised

Omanoff's argument is incoherent, but it seems to be that the Court properly found that the State Case and the TC Companies are not assets of the debtor's estate, but nonetheless "made a mistake when dismissing Counts III and IV of the Plaintiff's Complaint" seeking a permanent injunction and an award of monetary damages.  Dkt. 166 at ¶22.  Omanoff argues that Claim 3 (for a permanent injunction of exercise of control over the Debtor's assets in connection with the State Case) and Count 4 (for willful violation of the automatic stay under Section 362(k)) are

---

[3] Omanoff's notice of motion and memorandum improperly set a hearing date for the motion.  Dkt. 166 at caption; notice of motion.  This is contrary to the local rules.

8

somehow "separate and independent" from Count 1 (for declaratory relief that the State Case violates the automatic stay provision of Section 362(a)) and Count 2 (declaratory relief that the State Case is void *ab initio* because of automatic stay violations). Dkt. 166 at ¶22.

First of all, the Court clearly did consider Counts 3 and 4 in the Court's carefully-reasoned decision. As discussed above in Section II.c, *supra*, the Court discussed all four claims of the complaint before proceeding to analyze the facts and law. Bowles Dec., Ex. A at 41:16-20. There can be no argument that the Court did not describe the claims correctly. Therefore the Court considered these issues, and Omanoff provides no basis for the Court to reconsider them.

Further, Omanoff's argument makes no logical sense whatsoever. The Court's conclusion was based on the case of In re Opus E., L.L.C., 480 B.R. 561, 575 (Bankr. D. Del. 2012) and 6 Delaware Code §18-701(2019). Bowles Dec., Ex. A at 52:5-20. In that case, the Delaware bankruptcy court concluded that, since the allegations at issue involved a subsidiary of the Debtor, and not the Debtor itself, there was no standing to bring a claim. In re Opus E., L.L.C., 480 B.R. 561, 575 (Bankr. D. Del. 2012).[4] Based on this precedent and Delaware statutory law, the Court in this Adversary Proceeding concluded that "[t]he assets of Forefront are not Mr. Reifler's assets and Forefront's assets, which include TC companies as subsidiaries. It did not automatically become property of the estate at the time of Mr. Reifler's bankruptcy." Bowles Dec., Ex. A at 53:10-13. The Court further ruled that "[i]f, however, the property is not property of the estate and was not in the possession of the debtor at the time of the commencement of the case, Section 362(a)(3) is inapplicable." Bowles Dec., Ex. A at 54:9-12.

---

[4] The Court also cited to the cases of In re Campbell, 475 B.R. 622 (Bankr. N.D. Ill. 2012) and In re Glick, 568 B.R. 634 (Bankr. N.D. Ill. 2017), which reached similar conclusions that the assets of subsidiaries are not assets of the debtor's estate.

Since the Court has dismissed Count 1 (declaratory relief that there was a violation of Section 362) and Count 2 (declaratory relief that the State Case is void *ab initio* due to violations of the automatic stay) because there was no asset of the Debtor's estate at issue, it is logically necessary to also dismiss Count 3 (permanent injunction of the exercise of control over the Debtor's assets in conjunction with the State Case for violation of the automatic stay). It would be absurd to permanently enjoin the State Case for violation of the automatic stay when the Court has already ruled that there has been no automatic stay violation because the State Case and the TC Companies are not assets of the Debtor's estate. Likewise, it would be absurd to allow Count 4 (for willful violation of the automatic stay) to continue when the Court has ruled that there was no violation of the automatic stay. Omanoff does not explain this logical inconsistency, nor could he.

Further, the conclusion in the In re Opus E. was ultimately that the trustee (the plaintiff in that case) had no standing to assert claims based on a subsidiary of the debtor. In re Opus E., L.L.C., 480 B.R. at 575. Following the logic of In re Opus E., Omanoff likewise does not have standing here, where he is asserting claims relating to the subsidiaries of the Debtor. If Omanoff lacks standing, then all claims brought by him must be dismissed – and dismissal is the resolution that the Court ultimately and properly reached. Bowles Dec., Ex. A at 54:13-14; Dkt. 161.

Finally, Omanoff's efforts to rewrite his Amended Complaint to excise all references to the State Case are unpersuasive. The Amended Complaint attacks the alleged exercise of control over estate assets only as they relate to the State Case, and his damages alleged are limited to his attorneys' fees arising from the State Case. Dkt. 44 (Claim III and Claim IV). It is unclear how the State Case, which is not itself an asset of the estate, could give rise to damages from a

violation of the automatic stay.  To the extent Omanoff seeks to argue that Forefront's commencement of the State Case as a derivative lawsuit was an exercise of control over the assets of the estate, the Court already considered that argument.  The Non-Debtor Defendants extensively briefed and argued before the Court on July 12, 2022 that Forefront is a manager-managed company, as is TC, and as manager-managed companies organized under Delaware law, the position of manager is severed from the membership interest.  Dkt. 115 at 14-18; (citing to Butner v. United States, 440 U.S. 48, 54-55 (1979); Dishi & Sons v. Bay Condos LLC, 510 B.R. 696, 705 (S.D.N.Y. 2014); In re Woodfield, 602 B.R. 747, 754 (Bankr. D. Or. 2019); In re Campbell, 475 B.R. 622 (Bankr. N.D. Ill. 2012)); Bowles Dec., Ex. A at 14:12-16:12.  Since the Trustee took no action to replace the manager of Forefront, Reifler remained its manager at the time the State Case was commenced.  In re Campbell, 475 B.R. at 631.  Plaintiff, on the other hand, argued that the membership interest in Forefront, together with the governance rights and Forefront's ability to appoint managers for the TC Companies, were assets of the bankruptcy estate.  Dkt. 152 at 11-12, 29-37; Bowles Dec., Ex. A at 19:23-21:16.  The Court therefore had ample opportunity to consider the arguments on both sides in reaching its decision.

Accordingly, Omanoff has not met the proper standard for a motion for reconsideration, which would involve citing to new law or facts.  Nor has he advanced an internally consistent argument as to why half of the claims should be allowed and the other half dismissed, when each and every claim depends on a violation of the automatic stay that does not exist here.  The Court is correct that Omanoff's entire claim has to do with the State Case and the TC Companies, which are not assets of the Debtor under Delaware law.  Likewise, Forefront's contractual right to appoint the manager of TC is not an asset of the Debtor.  Omanoff's motion is simply more scorched-earth litigation, is frivolous, and should be denied.  Alternatively, if the Court grants

the motion for reconsideration, Non-Debtor Defendants renew their arguments that Claim III and IV should be dismissed for laches, lack of prudential standing, collateral estoppel, and because adding the Attorney Defendants is frivolous. Dkt. 115, 146.

### d. Omanoff's Request for Clarification Should Likewise be Denied

Omanoff also seeks clarification under Rule 59(e) of the Federal Rules of Civil Procedure that the Court's ruling on July 12, 2022 does not impact the Court's rulings on March 15, 2022 and April 19, 2022 that the Debtor's membership interests in Forefront are property of the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. Dkt. 166 at ¶¶4, 16. As the Court noted during oral argument on July 12, 2022 in response to Plaintiff's reference to those specific rulings, "[t]hat was a preliminary injunction; that wasn't a complete ruling." Bowles Dec., Ex. A at 19:18-19. This Court explicitly held that its rulings on March 15, 2022 and April 19, 2022 were issued only with respect to the preliminary injunction and are not the law of the case. Id. at 50:23-51:8.

On July 12, 2022, the Court thoroughly discussed the record, and, citing to In re Opus E., L.L.C., 480 B.R. 561 (Bankr. D. Del. 2012) and Del. Code Ann. tit. 6, § 18-701, held that under Delaware law "[t]he assets of Forefront are not Mr. Reifler's assets and Forefront's assets, which include TC companies as subsidiaries … did not automatically become property of the estate at the time of Mr. Reifler's bankruptcy." Bowles Dec., Ex. A at 52:5-53:13. The Court recognized that the automatic stay did not apply to the TC Companies or the State Case. Id. at 54:6-8.

In the RICO Action, acting in complete disregard of this Court's rulings, Plaintiff has made allegations that the TC Companies are assets of the bankruptcy estate. Bowles Dec., Ex. C at ¶¶46, 463. Since Plaintiff is already misrepresenting the scope of the bankruptcy estate to include Forefront's assets, the Non-Debtor Defendants respectfully request that the Court deny Plaintiff's request to convert its earlier preliminary injunction finding into a complete and final

ruling by means of "clarification" on this issue. Alternatively, in the event the Court grants Plaintiff's motion for clarification, the Non-Debtor Defendants respectfully request the Court limit its ruling to the membership interest in Forefront, and further hold that, as briefed and argued by Non-Debtor Defendants in conjunction with the motion to dismiss (Dkt. 115, 146, Bowles Dec., Ex. A), under Delaware law the management of Forefront, having been vested in a manager, is severed from the membership interest and is not an asset of the estate.

## IV. **CONCLUSION**

For the foregoing reasons, the Non-Debtor Defendants respectfully request that the Court deny Omanoff's motion for reconsideration, or in the alternative, if the Court grants the motion for reconsideration, likewise grant Non-Debtor Defendants' motion to dismiss Claim III and Claim IV of the Amended Complaint because Omanoff lacks prudential standing, he is collaterally estopped from relitigating these issues because the State Court and this Court have both found no violation of the automatic stay, laches, and because adding the Attorney Defendants is frivolous. Further, the Non-Debtor Defendants respectfully requests that the Court deny Omanoff's motion for clarification, or in the alternative, if the Court grants Plaintiff's motion for clarification, Non-Debtor Defendants respectfully request the Court limit its ruling to the membership interest in Forefront, and further hold that under Delaware law the management of Forefront, having been vested in a manager, is severed from the membership interest and is not an asset of the estate.

Dated: August 9, 2022

Respectfully Submitted,

_____
David K. Bowles (DB6591)

David@BoJo.Law
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, New York 10005
Tel. (212) 390-8842
Fax (866) 844-8305
*Counsel for Defendants Forefront Partners, LLC, Talking Capital Windup LLC, Talking Capital Partners II, LLC, Talking Capital Partners III, LLC, David K. Bowles, Esq., and Margarett A. Johnson, Esq.*