Scott H. Bernstein
**LAW OFFICES OF SCOTT H. BERNSTEIN LLC**
*Co-Counsel to Plaintiff Rodney Omanoff*
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068
Telephone: (862) 245-2667
scott@scottbernsteinlaw.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| BRADLEY C. REIFLER, | Case No. 17-35075 (CGM) |
| Debtor. | |

------------------------------------------------------------x

| | |
|---|---|
| RODNEY OMANOFF, | |
| Plaintiff, | Adversary Proceeding |
| vs. | No. 22-09002 (CGM) |
| BRADLEY C. REIFLER, FOREFRONT PARTNERS, LLC, TALKING CAPITAL WINDUP LLC, TALKING CAPITAL PARTNERS II, LLC, and TALKING CAPITAL PARTNERS III, LLC, | |
| Defendants. | |

------------------------------------------------------------x

**<u>AMENDED MOTION TO WITHDRAW AS COUNSEL TO RODNEY OMANOFF</u>**

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ........................................................................................1

II. JURISDICTION, VENUE AND PREDICATES FOR RELIEF ................................................2

III. STATEMENT OF FACTS ...........................................................................................3

IV. LEGAL ARGUMENT................................................................................................5

V.  CONCLUSION .......................................................................................................8

VI. NOTICE  ..............................................................................................................8

VII.  NO PRIOR REQUEST ...........................................................................................9

# TABLE OF AUTHORITIES

## CASES

Blue Angel Films, Ltd. v. First Look Studios, Inc.,
    No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674 (S.D.N.Y. Feb. 17, 2011) .................................................................................................................8

Casper v. Lew Lieberbaum & Co.,
    97 Civ. 3016 (JGK) (RLE), 1999 U.S. DIST. LEXIS 7779 (S.D.N.Y. May 26, 1999) ......... 5-6

Casper v. Lew Lieberbaum & Co.,
    182 F. Supp. 2d 342 (S.D.N.Y. 2002) ...............................................................6

Clover v. Shiva Realty of Mulberry,
    No. 10 CV 1702 (RPP), 2011 U.S. Dist. LEXIS 112309 (S.D.N.Y. Sept. 30, 2011).................7

HCC, Inc. v. R H & M Mach. Co.,
    No. 96-cv-4920, 1998 U.S. Dist. LEXIS 10977 (S.D.N.Y. July 20, 1998)..............................7

Kolacek v. Gernexco Trading, Inc.,
    No. 90-cv-5760, 1992 U.S. Dist. LEXIS 571 (S.D.N.Y. Jan 22, 1992) ..................................7

Korkmaz v. J & R Travel & Accounting Corp.,
    11-CV-6241 (JBW) (JMA), 2013 U.S. Dist. LEXIS 94928 (E.D.N.Y. May 20, 2013)........ 6-7

Team Obsolete, Ltd. v. A.H.R.M.A. Ltd.,
    464 F. Supp. 2d 164 (E.D.N.Y. 2006) ...........................................................................7

Tipoo v. Cohen & Slamowitz, LLP,
    11 Civ. 6046 (RJS), 2012 U.S. Dist. LEXIS 77168 (S.D.N.Y. May 30, 2012).........................6

## STATUTES AND RULES

Federal Rule of Bankruptcy Procedure 8009 .......................................................*Passim*

Local Rule of Bankruptcy Procedure 2090-1(e).......................................................2, 5

Local Rule of Bankruptcy Procedure 9006-2 ................................................................2

Rule 1.16 of the New York Rules of Professional Conduct .....................................*Passim*

11 U.S.C. § 105(a) .........................................................................................................2

The Law Offices of Scott H. Bernstein LLC ("Bernstein Law"), hereby respectfully submits this amended motion (this "Motion"), pursuant to Rule 2090-1(e) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an Order (1) authorizing Bernstein Law to withdraw as co-counsel of record to Rodney Omanoff, the plaintiff in the above-captioned adversary proceeding (this "Adversary Proceeding") and a creditor in the above-captioned bankruptcy proceeding (the "Bankruptcy Proceeding"); and (2) extending the time within which Rodney Omanoff may file his designation of record and statement of issues on appeal, pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the fourteenth (14th) day after the date on which the United States Bankruptcy Court for the Southern District of New York (the "Court") enters an Order deciding this Motion. In support of this Motion, Bernstein Law relies on the accompanying *Amended Declaration of Scott H. Bernstein, Esq*. (the "Bernstein Decl."). In further support of this Motion, Bernstein Law respectfully represents as follows:

## I. PRELIMINARY STATEMENT[1]

1. Bernstein Law moves for entry of an Order to be relieved as co-counsel of record to Rodney Omanoff because (i) Rodney Omanoff, though his father (Richard Omanoff), has terminated Bernstein Law's representation of Rodney Omanoff in all legal matters; (ii) Rodney Omanoff, through his father (Richard Omanoff), has advised Bernstein Law that he has retained the law firm of Morvillo Abramowitz Grand Iason & Anello P.C. to represent him in all civil and bankruptcy matters pending in the State of New York, including this Adversary Proceeding and

---

[1] For the avoidance of doubt, Michael P. Pasquale, Esq. (admitted *pro hac vice*) and The Law Offices of Michael P. Pasquale, LLC, who are co-counsel of record to Rodney Omanoff in the Adversary Proceeding and the Bankruptcy Proceeding, are not movants with respect to the Motion.

1

the Bankruptcy Proceeding; and (iii) Rodney Omanoff has failed to pay Bernstein Law for legal services rendered and (through Richard Omanoff) has informed Bernstein Law that he will not pay hourly rates to Bernstein Law to continue its legal representation of him on a going forward basis.

2. Rodney Omanoff should not be materially prejudiced by Bernstein Law's withdrawal as co-counsel in this Adversary Proceeding, which has already been dismissed by Order of the Court, because he has retained counsel in related matters (as well retained counsel in matters pending throughout the United States of America and in Europe), and, if he chooses not to retain counsel for these matters, he may proceed *pro se* in these matters. However, in order to minimize the potential prejudice to Rodney Omanoff, Bernstein Law requests that the Court stay or extend the September 16, 2022 deadline for Rodney Omanoff to file his designation of record and statement of issues on appeal in the Adversary Proceeding. Finally, the Bankruptcy Proceeding (in which there are no pending motions relating to Rodney Omanoff) will not be delayed if the Court grants Bernstein Law's application.

## II. JURISDICTION, VENUE AND PREDICATES FOR RELIEF

3. On January 20, 2017, Bradley Carl Riefler filed a Voluntary Petition for relief under chapter 7 of the Bankruptcy Code in the Court.

4. The Court has jurisdiction pursuant to 28 U.S.C. § 1334, and pursuant to the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.) This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Bankruptcy Rule 7008, Bernstein Law consents to the entry of a final order or judgment of the Court in connection with the Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection with the Motion consistent with Article III of the United States Constitution. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The predicates for the relief sought herein are Local Rule 2090-1(e), Local Rule 9006-2, Bankruptcy Rule 8009, and section 105(a) of the Bankruptcy Code.

### III. STATEMENT OF FACTS

6. On July 14, 2022, the Court entered an Order [Docket No. 163] granting the motion to substitute Bernstein Law in lieu and place of the Skolnick Legal Group, P.C., as co-counsel of record to Rodney Omanoff in this Adversary Proceeding and in the Bankruptcy Proceeding. (Bernstein Decl., ¶ 4).

7. After the Court's entry of an Order dismissing Rodney Omanoff's Adversary Proceeding Complaint [Docket No. 161] on July 14, 2022, the attorney-client relationship between Rodney Omanoff and Bernstein Law deteriorated and became unworkable. (Bernstein Decl., ¶ 5).

8. On September 1, 2022, Rodney Omanoff's father, Richard Omanoff, informed Bernstein Law that (i) Rodney Omanoff has terminated Bernstein Law in all legal matters; (ii) that Rodney Omanoff has retained the law firm of Morvillo Abramowitz Grand Iason & Anello P.C. to represent him in all civil and bankruptcy matters pending in the State of New York, including this Adversary Proceeding and the Bankruptcy Proceeding; and (iii) Rodney Omanoff will not pay Bernstein Law for legal services already rendered and will not pay hourly rates to Bernstein Law to continue its legal representation on a going forward basis. (Bernstein Decl., ¶ 6). As of the date hereof, Rodney Omanoff has not paid his outstanding legal fees and expenses in an amount not less than $15,143.21. (Bernstein Decl., ¶ 6).

9. On September 2, 2022, the law firm of Morvillo Abramowitz Grand Iason & Anello P.C. advised that it is in discussions with Rodney Omanoff, but it is not currently engaged to represent him in the appeal of the Court's dismissal of Rodney Omanoff's Amended Adversary Proceeding Complaint and related matters. (Bernstein Decl., ¶ 7). As of the date hereof, three

attorneys of the law firm of Morvillo Abramowitz Grand Iason & Anello P.C. have entered appearances in the action pending in New York State Supreme Court, New York County, under Index No. 650973/2017, and in which summary judgment on the issue of liability was recently entered against Rodney Omanoff and in favor of the Talking Capital plaintiffs therein. (Bernstein Decl., ¶ 7).

10. Notwithstanding Richard Omanoff's communication on September 1, 2022 that Rodney Omanoff terminated Bernstein Law with respect to all legal matters, and at the request of Rodney Omanoff (as communicated by the law firm of Morvillo Abramowitz Grand Iason & Anello P.C.), on September 2, 2022, Bernstein Law timely filed a Notice of Appeal [Docket No. 173] in this Adversary Proceeding to preserve Rodney Omanoff's appellate rights. (Bernstein Decl., ¶ 8).

11. Aside from Rodney Omanoff's termination of Bernstein Law with respect to all legal matters, the attorney-client relationship with Rodney Omanoff has deteriorated to the point that is not advisable for Bernstein Law to represent Rodney Omanoff's interests on a going forward basis. (Bernstein Decl., ¶ 9). The attorney-client privilege prohibits a detailed discussion and disclosure of these matters, particularly as a part of the public records of this Adversary Proceeding, but if the Court requires further elaboration, it can be provided in an in-camera submission to the extent permitted by Rule 1.6 of the Rules of Professional Conduct. (Bernstein Decl., ¶ 9).

12. In any event, after conferring with counsel, Bernstein Law believes that Rodney Omanoff's father's communication of the termination of Bernstein Law's representation of Rodney Omanoff with respect to all matters (which Mr. Rodney Omanoff did not dispute in a subsequent email), requires that Bernstein Law withdraw from the representation. In accordance

4

with Rule 1.16(e) of the Rules of Professional Conduct, Bernstein Law filed the notice of appeal so as to protect Mr. Omanoff's interests pending his formal retention of the law firm of Morvillo Abramowitz Grand Iason & Anello P.C. or such other counsel as he chooses to retain in these matters. (Bernstein Decl., ¶ 10).

13. On September 7, 2022, Morvillo Abramowitz Grand Iason & Anello P.C. advised that it does not intend to appear as counsel to Rodney Omanoff in the appeal of the Court's Order dismissing the Adversary Proceeding Complaint and the Court's Order denying the Motion for Reconsideration. (Bernstein Decl., ¶ 11). Rodney Omanoff, who already has retained counsel in related matters and legal matters pending throughout the United States of America and in Europe, should not be prejudiced by having to retain counsel to represent him in the appeal or by proceeding *pro se*. (Bernstein Decl., ¶ 11).

14. At present, there are no motions pending in the Bankruptcy Proceeding that relate to Rodney Omanoff and a Notice of Appeal has been filed in the Adversary Proceeding in which a dismissal order and an order denying a motion for reconsideration have already been entered. (Bernstein Decl., ¶ 12). However, there is a September 16, 2022 deadline for Rodney Omanoff to file his designation of record and statement of issues on appeal in the Adversary Proceeding. (Bernstein Decl., ¶ 12).

### IV. <u>LEGAL ARGUMENT</u>

15. Local Rule 2090-1(e), entitled "Withdrawal as Attorney of Record," provides as follows: "An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the court for cause shown."

16. Rule 1.16 of the New York Rules of Professional Conduct provide that "(b) Except as stated in paragraph (d), a lawyer ***shall*** withdraw from the representation of a client when: . . .

(3) the lawyer is discharged. . . ." *Id.* (emphasis supplied). Here, (1) Rodney Omanoff, through Richard Omanoff, has terminated Bernstein Law as his co-counsel of record in this action (which Rodney Omanoff did not dispute in a subsequent email), and (2) Rodney Omanoff is in the process of retaining law firm of Morvillo Abramowitz Grand Iason & Anello P.C. to represent him. (Bernstein Decl., ¶¶ 5, 9). Therefore, Bernstein Law must withdraw as counsel to Rodney Omanoff under Rule 1.16(b)(3) of the New York Rules of Professional Conduct. *See Casper v. Lew Lieberbaum & Co.,* 97 Civ. 3016 (JGK) (RLE), 1999 U.S. DIST. LEXIS 7779, \*\*9-14 (S.D.N.Y. May 26, 1999) (granting motion to withdraw and recognizing there was "a fundamental breakdown of the trust required to maintain a working attorney-client relationship. Even if the Court declined to give effect to the discharge of original counsel, the circumstances surrounding the attempt to discharge dictate a severing of the relationship"), *adhered to on reconsideration*, 182 F. Supp. 2d 342 (S.D.N.Y. 2002) (holding that attorneys were required to withdraw as the plaintiffs' counsel because they were discharged by the plaintiffs); *see also Tipoo v. Cohen & Slamowitz, LLP*, 11 Civ. 6046 (RJS), 2012 U.S. Dist. LEXIS 77168, \* 8 (S.D.N.Y. May 30, 2012) (granting motion to withdraw as counsel where the plaintiff "indicated his desire to terminate Wexler as the attorney of record" in the action). Accordingly, because Rodney Omanoff terminated Bernstein Law, Bernstein Law is required to file the Motion and cannot continue with its representation of Rodney Omanoff.

17. Aside from the termination of Bernstein Law's representation of Rodney Omanoff with respect to all legal matters, the attorney-client relationship with Rodney Omanoff deteriorated to the point that is not advisable for Bernstein Law to represent Rodney Omanoff's interests on a going forward basis. *See Casper v. Lew Lieberbaum & Co.*, 97 Civ. 3016 (JGK) (RLE), 1999 U.S. DIST. LEXIS 7779, \*\*9-14 (S.D.N.Y. May 26, 1999) (granting motion to withdraw and

recognizing there was "a fundamental breakdown of the trust required to maintain a working attorney-client relationship. Even if the Court declined to give effect to the discharge of original counsel, the circumstances surrounding the attempt to discharge dictate a severing of the relationship"). The attorney-client privilege prohibits a detailed discussion and disclosure of these matters, particularly as a part of the public records of this Adversary Proceeding, but if the Court requires further elaboration, it can be provided in an in-camera submission to the extent permitted by Rule 1.6 of the Rules of Professional Conduct. (Bernstein Decl., ¶ 9).

18. Furthermore, "[i]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw." *Korkmaz v. J & R Travel & Accounting Corp.*, 11-CV-6241 (JBW) (JMA), 2013 U.S. Dist. LEXIS 94928 (E.D.N.Y. May 20, 2013) (granting motion to withdraw as counsel); *see also Clover v. Shiva Realty of Mulberry*, No. 10 CV 1702 (RPP), 2011 U.S. Dist. LEXIS 112309, at *6 (S.D.N.Y. Sept. 30, 2011) (granting counsel's motion to withdraw for non-payment) (citing *HCC, Inc. v. R H & M Mach. Co.*, No. 96-cv-4920, 1998 U.S. Dist. LEXIS 10977 (S.D.N.Y. July 20, 1998)); *Kolacek v. Gernexco Trading, Inc.,* No. 90-cv-5760, 1992 U.S. Dist. LEXIS 571 (S.D.N.Y. Jan 22, 1992); *Team Obsolete, Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164,165 (E.D.N.Y. 2006).

19. Here, not only has Rodney Omanoff not paid his outstanding legal fees in an amount not less than $15,143.21, but he has informed Bernstein Law that he is not willing to pay Bernstein Law for future legal representation on a going-forward basis for this matter and all other matters. (Bernstein Decl., ¶ 6). Thus, Rodney Omanoff's refusal to pay his legal fees constitutes a separate and independent ground for the Court to grant this Motion.

20. "[I]n addition to considering reasons for withdrawal, district courts typically also consider whether the prosecution of the suit is [likely to be disrupted] by the withdrawal of

counsel." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 U.S. Dist. LEXIS 16674, * 5 (S.D.N.Y. Feb. 17, 2011) (internal quotation marks and citation omitted). At present, there are no motions pending in the Bankruptcy Proceeding that relate to Rodney Omanoff and a Notice of Appeal has been filed in the Adversray Proceeding in which a dismissal order has already been entered. (Bernstein Decl., ¶ 12). In addition, Rodney Omanoff, who already has retained counsel in related legal matters and legal matters pending throughout the United States of America and in Europe, should not be prejudiced by having to retain counsel to represent him in the appeal or by proceeding *pro se*. (Bernstein Decl., ¶ 11). However, in order to minimize the prejudice to Rodney Omanoff, Bernstein Law requests that the Court stay or extend the September 16, 2022 deadline for Rodney Omanoff to file his designation of record and statement of issues on appeal in the Adversary Proceeding. (Bernstein Decl., ¶ 12).

## V. CONCLUSION

21. For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order (1) authorizing Bernstein Law to withdraw as co-counsel of record to Rodney Omanoff, the plaintiff in Adversary Proceeding and a creditor in the Bankruptcy Proceeding and (2) extending the time within which Rodney Omanoff may file his record on appeal and statement of issues, pursuant to Bankruptcy Rule 8009 to the fourteenth (14th) day after the date on which the Court enters an Order deciding the Motion so that Rodney Omanoff has a reasonable opportunity to have new counsel enter an appearance, proceed *pro se*, or default in filing his designation of record and statement of issues on appeal.

## VI. NOTICE

22. Notice of the Motion will be evidenced by a contemporaneously filed Declaration of Service.

## VII.  NO PRIOR REQUEST

23. No prior request for the relief sought in the Motion has been made to the Court or any other Court, except, on September 7, 2022, the Court entered an Order [Docket No. 176] denying a proposed Order to Show [Docket No. 174] by which Bernstein Law sought to shorten and limit notice on the Motion to Withdraw and to stay Mr. Omanoff's deadline to file his designation of record and statement of issues on appeal.  Through the same Order, the Court indicated that Bernstein Law should file its Motion to Withdraw on normal notice.

**WHEREFORE**, Plaintiff respectfully requests that the Court (a) enter an Order, substantially in the form attached as **Exhibit A** hereto, granting the relief requested herein, and (b) grant to Plaintiff such other and further relief as the Court may deem just and proper.

Dated:  September 8, 2022
       Roseland, New Jersey

Respectfully submitted,

LAW OFFICES OF SCOTT H. BERNSTEIN LLC

*/s/ Scott H. Bernstein*
Scott H. Bernstein
*Co-Counsel to Plaintiff Rodney Omanoff*
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068
Telephone:  (862) 245-2667
scott@scottbernsteinlaw.com