Scott H. Bernstein, Esq.
LAW OFFICES OF SCOTT H. BERNSTEIN LLC
101 Eisenhower Parkway, Suite #300
Roseland, New Jersey 07068
Telephone: (862) 245-2667
sbernsteinlawoffices@gmail.com
*Attorney for Plaintiff Rodney Omanoff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION**

----------------------------------------------------------x

In re:                                         Chapter 7

BRADLEY C. REIFLER,                            Case No. 17-35075 (CGM)

                      Debtor.

----------------------------------------------------------x

RODNEY OMANOFF,

                      Plaintiff,         Adversary Proceeding

    vs.                                        No. 22-09002 (CGM)

BRADLEY C. REIFLER, FOREFRONT
PARTNERS, LLC, TALKING CAPITAL
WINDUP LLC, TALKING CAPITAL
PARTNERS II, LLC, TALKING CAPITAL
PARTNERS III, LLC, BOWLES & JOHNSON
PLLC, DAVID K. BOWLES, ESQ.,
MARGARETT A. JOHNSON, ESQ.,
WILLIAM T. MCKETTRICK,
JOHN OR JANE DOES (1-10), and ABC
ENTITIES (1-10),

                      Defendants.

----------------------------------------------------------x

**DESIGNATION OF RECORD AND STATEMENT OF ISSUES,
PURSUANT TO RULE 8009 OF THE FEDERAL RULES OF
<u>BANKRUPTCY PROCEDURE, OF PLAINTIFF/ APPELLANT RODNEY OMANOFF</u>**

Plaintiff/Appellant Rodney Omanoff having filed a Notice of Appeal on September 2, 2022

[Docket No. 173] from (1) the Order and Decision of the United States Bankruptcy Court for the

Southern District of New York (Honorable Cecelia G. Morris, United States Bankruptcy Judge),

signed on July 14, 2022 and docketed as ECF Document No. 161 in the within bankruptcy adversary proceeding on July 14, 2022 and (2) the Order and Decision of the United States Bankruptcy Court for the Southern District of New York (Honorable Cecelia G. Morris, United States Bankruptcy Judge), signed on August 19, 2022 and docketed as ECF Document No. 172 in the within bankruptcy adversary proceeding on August 19, 2022, hereby designates the following for inclusion in the record on appeal and sets forth a statement of issues on appeal.

## **DESIGNATION OF CONTENTS OF RECORD**

1. Transcript of March 15, 2022 hearing [Docket No. 28]
2. Amended Complaint [Docket No. 44]
3. Motion to Dismiss Adversary Proceeding [Docket No. 82]
4. Letter [Docket No. 84]
5. Transcript of April 19, 2022 hearing [Docket No. 87]
6. Opposition Brief [Docket No. 139]
7. Declaration of Scott H. Bernstein [Docket No. 140]
8. Reply to Motion [Docket No. 149]
9. Order Granting Motion to Dismiss Adversary Proceeding [Docket No. 161]
10. Transcript of July 12, 2022 hearing [Docket No. 165]
11. Motion to Reconsider [Docket No. 166]
12. Opposition Brief [Docket No. 167]
13. Opposition [Docket No. 168]
14. Reply to Motion [Docket No. 169]
15. Transcript of August 16, 2022 hearing [Docket No. 171]
16. Order Denying Motion for Reconsideration [Docket No. 172]

## STATEMENT OF ISSUES PRESENTED

1. Did the Bankruptcy Court err in dismissing the Adversary Proceeding without considering the well pled allegations of the Amended Complaint?

2. Did the Bankruptcy Court err in dismissing the Adversary Proceeding on the basis that the action pending in New York State Supreme Court, New York County, under Index No. 650973/2017, is not property of the bankruptcy estate of debtor Bradley Reliefer within the meaning of section 541 of the Bankruptcy Code?

3. Did the Bankruptcy Court err in dismissing the Third and Fourth Counts of the Amended Complaint in which Plaintiff/Appellant Rodney Omanoff sought to enjoin the defendants' exercise of control over the estate's membership interests in defendant Forefront Partners, LLC (which are property of debtor Bradley Reifler's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code) in violation of the automatics stay under section 362(a) of the Bankruptcy Code?

4. Did the Bankruptcy Court err in dismissing the Adversary Proceeding in which Plaintiff/Appellant Rodney Omanoff sought to enjoin the defendants' exercise of control over the economic, governance, and management interests in defendant Forefront Partners, LLC (which are property of debtor Bradley Reifler's bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code) in violation of the automatic stay set forth in section 362(a) of the Bankruptcy Code?

5. Did the Bankruptcy Court err in dismissing the Adversray Proceeding without considering the defendants' amendment of the operating agreement for defendant Forefront Partners, LLC in violation of the automatic stay set forth in section 362(a) of the Bankruptcy Code?

6. Did the Bankruptcy Court err in finding that debtor Bradley Reifler adequately disclosed his ownership of the membership interests in defendant Forefront Partners, LLC in his Schedules of Assets and Statement of Financial Affairs filed in his bankruptcy case?

7. Did the Bankruptcy Court err in denying Plaintiff/Appellant Rodney Omanoff's Motion for Reconsideration of the Bankruptcy Court's dismissal of the Third and Fourth Counts of the Amended Complaint?

Dated: Roseland, New Jersey
       September 16, 2022

Respectfully submitted,

By: */s/ Scott H. Bernstein*
    Scott H. Bernstein
    Law Offices of Scott H. Bernstein LLC
    101 Eisenhower Parkway, Suite 300
    Roseland, New Jersey 07068
    Telephone: (862) 245-26667
    sbernsteinlawoffices@gmail.com